## LYNCH a. CUNNINGHAM.

*Supreme Court, First District; Special Term, February*, 1858.

MORTGAGE FORECLOSURE.—INTEREST CLAUSE.

On what grounds the court will grant an order restraining proceedings in an action for foreclosure upon default in the interest clause.*

That the defendant delayed moving until after issue joined, is not always fatal to his motion.

Costs imposed upon granting motion to stay foreclosure.

Motion in a foreclosure case, after issue joined, to stay the plaintiff from further proceedings, on payment of the interest in arrear.

---

* See Hunt *v.* Keech (3 *Ante*, 204). As to the practice in tendering interest in such case, see Thurston *v.* Marsh (5 *Ante*, 389).

*H. S. Lincoln*, for the motion.

*Francis Byrne*, opposed.

Davies, J.—The defendants Cunningham & Lawrence on May 1, 1854, executed their mortgage to plaintiff to secure $11,500, payable on May 1, 1857. On July 8, 1857, the parties to the bond and mortgage entered into an agreement, by which the plaintiff agreed, in consideration of the payment of $2500 of the principal of said mortgage, and the punctual payments of the interest which would become due on the first days of November and May following, to postpone the payment of the residue of the principal until July 1, 1858. Such postponement of the payment of the principal, however, was dependent upon the strict performance of the payment of the interest on the first days of November and May following. On November 1, 1857, when the interest became due, the defendant Cunningham omitted to pay the interest, but made efforts to pay the same on the 3d of November, and offered the same to plaintiff on the 4th day of November; and within a day or two thereafter a tender of the interest due was made in specie. This suit was commenced on the 4th day of December following to foreclose the mortgage. On the 18th of December a copy of the summons and complaint was served on the defendant Cunningham; his answer became due on the 7th day of January last, when his attorney applied for ten days further time to answer the complaint. The answer was served the 17th day of January, setting up the matters of defence, which are now set up on this motion. After the cause was at issue, and on the 17th instant, the defendants obtained an order to show cause why the plaintiff should not be restrained from further proceeding on payment of the interest due on the 1st day of November last. If the defendant had made this application immediately on the commencement of the suit, it would have been granted according to the established practice of the court.

I have great hesitation in granting this relief, after the great delay which has intervened; but as the defendant shows that it was his intention to have paid the interest on the day it fell due, and was only prevented from doing so by accident and mistake, he is entitled to be relieved in accordance with well-established principles.

The plaintiff's further proceedings in the case may be stayed, until another default, on payment, by the defendants, of the costs and disbursements of the plaintiffs, and the costs of all the defendants who have appeared in the cause, and $10 costs of this motion to plaintiff's attorney, and an allowance to him of $50.