## SUPREME COURT.

### James I. Roosevelt agt. The New York and Harlem Railroad Company.

A *plea of tender* is an unequivocal *admission* of the justice of the plaintiff's claim to the extent of the sum tendered.

To render a tender valid the money tendered should be *brought into court*. But where it is not paid into court, the irregularity will be considered *waived*, where the *answer* of the defendant is accepted and acted upon without raising the objection.

If a tender be irregular, the allegation that the defendant offered a certain sum as due to the plaintiff in an answer, however defective it may be in not setting up a legal or equitable defence, is an *admission of the plaintiff's right to the sum offered*; and the plaintiff may be entitled to *relief under section 244 of the Code.*

So, when the admission of the plaintiff's claim is made by way of an *offer of judgment*, the sum so offered to be paid may be enforced under section 244.

Where in an action upon a *bond* secured by a mortgage, the defendant set up a *counter-claim*, alleging a *tender* of a certain amount of money to the plaintiff, and praying that the *mortgage* be decreed to be satisfied by the plaintiff:

*Held*, that although in all cases of *counter-claim*, an offer to pay a sum named may not and ought not to be treated as an admission of the justice of the plaintiff's claim, so as to entitle him to an order that the defendant pay such sum to the plaintiff, yet in this case the order might with propriety and justice be made.

To entitle the defendant to a judgment that the plaintiff execute a satisfaction of the mortgage given to secure the payment of the bond in suit, it is necessary that the defendant *pay or tender* the amount due and owing on the bond. Payment is a condition precedent to the right to a satisfaction piece. The tender of the *whole amount* due discharges the lien of the mortgage from the date of such tender.

Payment to the plaintiff of the amount admitted to be due, by an order under section 244, cannot affect or impair the right to have satisfaction of the mortgage when the whole debt is paid.

*New York Special Term, January*, 1866.

APPLICATION by plaintiff for an order under section 244 of the Code, that the defendant pay plaintiff a certain sum tendered in the answer served in this action.

JAMES I. ROOSEVELT, *plaintiff in person.*
CHARLES A. RAPALLO, *for defendant.*

MULLIN, J. This action was brought to recover the sum of $30,000 and interest, claimed to be due on a bond executed and delivered by the defendant to one Mary Murray, on the 8th November, 1851, payable in five years from date, with interest at the rate of seven per cent per annum. The bond was assigned to the plaintiff, who is the owner and holder thereof.

The answer contains two defences: 1st. A tender of $30,962.50 on the 23d of August, 1864, in United States legal tender notes, which were refused, as it is alleged, on the ground that the act of congress making such notes a legal tender in payment of debts contracted before its passage, was unconstitutional. The answer further alleges, that the plaintiff agreed with the defendant that if such notes were held to be a legal tender, he would accept them in payment of his debt. It was also alleged that the defendant was ready and willing to pay said sum so tendered, to the plaintiff. The second defence was a counterclaim. The same facts in regard to the tender of the money were stated, accompanied with a prayer that the mortgage which was given to secure the payment of the said debt, be decreed to be satisfied by the plaintiff.

The plaintiff now asks for an order requiring the defendant to pay to him (the plaintiff) the sum so offered to him as aforesaid, pursuant to the last clause of section 244 of the Code. That clause is in these words: "When the

answer of the defendant expressly, or by not denying, admits part of the plaintiff's claim to be just, the court, on motion, may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or provisional remedy." The important, and indeed the only question to be determined on a motion under this provision of the Code is, does the defendant admit a part of the claim of the plaintiff to be just? A plea of tender is an unequivocal admission of the justice of the plaintiff's claim to the extent of the sum tendered. So conclusive is the admission, that if the tender is refused and the parties proceed to trial, and it shall turn out that the plaintiff was not legally entitled to anything, the plaintiff shall have a verdict for the sum tendered. To render a tender valid, the money tendered should be brought into court (*Brown* agt. *Ferguson*, 2 *Denio*, 196 ; *Halsey* agt. *Flint*, 15 *Abbott*, 367 ; *Sheridan* agt. *Smith*, 2 *Hill*, 538 ; *Livingston* agt. *Harrison*, 2 *E. D. Smith*), and if not brought in, the plaintiff may sign judgment. (1 *Tidd's Pr.* 612 ; *Chapman* agt. *Hicks*, 2 *Dowling's P. C.* 641 ; 2 *C. M. and R.* 633.)

In *Sheridan* agt. *Smith*, NELSON, J., *held* that if the plaintiff accepted a plea of tender, and replied thereto, tendering an issue, without at the time receiving notice that the money is paid into court, he waives the irregularity. The money tendered in this case was not paid into court, and it is to be inferred, from the fact that the answer is treated as part of the pleadings, that it was accepted without the money having been paid in. On the facts before me, I must treat the plea of tender as sufficient, although the money has not been paid into court. But if the tender was irregular for the reason stated, the admission of the justice of the plaintiff's claim would be none the less distinct and unequivocal. The allegation that the defendant offered a certain sum as due to the plaintiff in an answer, however defective it may be in not setting up a legal or

equitable defence, is an admission of the plaintiff's right to the sum offered.

The second defence, although a counter-claim, contains as distinct an admission of the justice of plaintiff's claim, to the extent of the sum offered, as does the plea of tender, and it is therefore unnecessary to refer to it further. If I am right in holding that the answer admits the justice of part of the plaintiff's claim, it only remains to consider whether there is any reason why the plaintiff is not entitled to relief under the clause of the 244th section of the Code, because of the nature of the defences set up in the answer.

First. It is said that the clause of the section under consideration, was not intended to apply to such a case as the one before us; that it was intended to apply only to cases where the action is to recover an indebtedness, a part of which is admitted by the defendant to be justly due, and does not apply to cases where the admission is inferred from a plea of tender, offer of judgment, or by way of allegations of offer of tender in a counter-claim, or other defence, resting on performance of a contract. It is quite probable that those who prepared the clause in question, did not have in view a case like the one before me; and did not, therefore, in that sense, intend to reach it by the clause in question. But the intention of the framers of a law, is generally derived from the language used. It is very seldom that we can go back of the statute and ascertain the actual reasons which induced its enactment, and when we can, experience has demonstrated that the language of the act very often fails to secure the desired end, and not unfrequently defeats it. Looking, therefore, to the words of the statute, it is clear that the debt due on the bond is a "claim," which the plaintiff has against the defendant, and it is equally clear that the answer admits the justice of that claim. The case is, therefore, within the very terms of the statute. The defendant, by the plea of tender, if accompanied as it should be by payment into

court, not only admits the justice of the claim, but he sets apart the sum tendered for the sole use and benefit of the plaintiff. By no act of his own can he recall it. From the time of the tender interest ceased, because the party tendering has appropriated the money to the use of the plaintiff. Why the person to whom the tender is made should refuse it, I do not comprehend. Acceptance, if the offer is accompanied by no conditions (as it must be to be valid), does not prejudice the right to recover the balance, if more is rightfully due, while to refuse is to lose interest, if it shall be found that the sum tendered was all that was due (*Kortright* agt. *Cady*, 21 *N. Y. Rep.* 343). If the tender is accepted, the party tendering stops interest on so much of the debt, and the person to whom it is made has the use of the money, and he is no longer entitled to demand interest on the sum tendered. It follows, therefore, that all interests are promoted by accepting the tender, and its acceptance can in no contingency impair the rights of either.

Secondly. When the admission of the plaintiff's claim is made by way of an offer of judgment, no possible injury to either party can result from requiring the sum so offered to be paid. Indeed, all the considerations above suggested apply in all their force to such an offer.

Thirdly. When the admission of the portion of plaintiff's claim is contained in a counter-claim, I am not prepared to say that the plaintiff is, as a general rule, entitled to relief under the clause of the section under consideration. Cases may be supposed in which it would be grossly unjust to require a defendant to pay to a plaintiff money which he may have offered, and on which offer rests his claim to relief by way of counter-claim. If an action is brought for not receiving and paying for goods purchased, and the defendant sets up by way of defence, that he was ready and willing, and offered to accept the goods, and offered to pay for the same the purchase price, but the plaintiff refused to deliver, or they were not as warranted, and dam-

ages are demanded because the plaintiff did not perform on his part, it is obvious that injustice might be done if the defendant was compelled to pay the sum so offered while the plaintiff still retained the goods sold. In this and other cases which might be put, the offers to pay ought not to be acted upon as the basis of relief under the clause of section 244 of the Code, cited *supra*. Although it is true that in all cases of counter-claim an offer to pay a sum may not and ought not to be treated as an admission of the justice of plaintiff's claim, so as to entitle him to an order that defendant pay such sum to the plaintiff, yet there may be cases in which such an order may with great propriety and justice be made. And I think the case before me is one of that class. To entitle the defendant to a judgment that the plaintiff execute a satisfaction of the mortgage given to secure the payment of the bond in question, it was of course necessary that it pay or tender the amount due and owing on the bond. Payment was a condition precedent to the right to a satisfaction piece. The tender of the whole amount due discharges the lien of the mortgage from the date of such tender. It follows that in any event the defendant must pay before it was entitled to the relief demanded. Payment to the plaintiff cannot affect or impair the right to have satisfaction of the mortgage when the whole debt is paid.

It is not necessary for me to inquire whether if the plaintiff receives the money under an order under the clause in question, he can thereafter refuse to give a satisfaction piece of the mortgage, or whether, if he should ultimately succeed in having the legal tender act, as it is called, declared unconstitutional, he could thereafter insist that the sum tendered must not be allowed as if it were equal in value to gold. If he takes the money under the order, he takes it with whatever legal consequences attend its acceptance. With those consequences I have nothing to do. The case is one in which the plaintiff is entitled to

an order that the money offered be paid to him.   In speaking of the facts in this case, I have had reference to the complaint and answer only.   I have not inquired what other facts may exist.

Let an order to that effect be entered, but without costs, as the question of practice has not been settled.