Locklin *v.* Moore.

A. W. LOCKLIN, Respondent, *v.* D. A. MOORE, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1871.)

The rule under which commencement of a suit on a promissory note, payable at a particular time and place, is a sufficient demand of payment, and the readiness of the payee a matter affecting the question of costs, is applicable to contracts to pay for goods at a time and place agreed.

APPEAL from judgment for plaintiff upon referee's report.

The action was brought to recover the purchase price of a quantity of goods alleged to have been sold and delivered by the plaintiff to the defendant. The answer set up, among other things, that the goods were purchased under an agreement that they were to be paid for at the store of defendant, and readiness to perform, and that no demand was ever made at that place on behalf of plaintiff, and that a portion of the goods sold were left to be sold on commission; that a portion of the goods, to the amount of $8.30, were sold on commission; that the remainder were sold at a price agreed upon.

The referee found, as a matter of fact, that the place of payment was at defendant's store, on January 1st, 1869, but, as a matter of law, he held that plaintiff was entitled to recover, though demand was never made or bill presented at

Locklin *v.* Moore.

the store, and that to avail himself of the benefits of his agreement, the defendant should have brought the money into court at the time of answering, and reported in favor of the plaintiff for the goods sold defendant, and for those sold on commission, deducting said commission, with interest from January 1st, 1869, being $71.72 besides costs. The defendant, on the trial, brought and paid into court $63.88, being the amount of the goods purchased and those sold on commission. Exceptions were duly taken to the referee's report, a judgment was entered thereon and the defendant appealed to the General Term of the Supreme Court. The case was submitted upon printed points.

*B. H. Vary,* for the appellant and defendant.

*Parkhurst & Baker,* for the respondent and plaintiff.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. The principle is well settled that where a contract is made, by which the sum fixed is to be paid at a particular time and at a place named, no demand is necessary, and the commencement of the action is a sufficient demand. If the debtor was ready to pay at the time and place named, he may plead that, as he would a tender in bar of damages and costs, and bring the money into court. ( *Wolcott* v. *Van Santvoord,* 17 Johns., 248; *Caldwell* v. *Cassidy,* 8 Cow., 271; *Haxtun* v. *Bishop,* 3 Wend., 13; *Troy City Bank* v. *Grant,* Hill. & Den., Supp., 119; *Hill* v. *Place,* 36 How., 26.)

Applying this principle to the contract between the parties to this action, it is quite obvious that the referee was right in his conclusions of law, and that the plaintiff was entitled to recover. The courts have placed a construction upon the effect of an agreement of this character as to promissory notes, and there is no good reason why it should not apply to a case like the one at bar. The authorities cited are

Locklin *v.* Moore.

decisive of the question raised, and there is no error of the referee in this respect.

I am also of the opinion that there is no foundation for the position, that because the plaintiff has taken issue and gone to trial upon the agreement alleged in the answer, the judgment must be for the defendant, even although the money was not brought into court at the time of answering.

The answer of the defendant made an issue without any reply of the plaintiff; and even if it sets up an imperfect defence, it by no means follows that the plaintiff is precluded from a recovery. It avers that the defendant was ready and willing to pay for the goods at the place named, but does not set up a tender of money, or allege its payment into court, or make an offer to pay it. It does not present a case where a tender is properly pleaded, and the money not paid into court. (*Sheriden* v. *Smith*, 2 Hill, 538.) As no tender was pleaded, the authorities relied upon have no application. (*Roosevelt* v. *N. Y. and H. R. R. Co.*, 45 Barb., 554; *Simpson* v. *French*, 25 How., 464.)

The referee committed no error in directing a judgment for the price agreed upon for the goods purchased, and for the value of the goods sold on commission. No demand was necessary for the price of the goods actually sold, as we have already seen; and it is sufficiently apparent from the testimony and the finding of the referee, that those sold by the defendant for a commission were disposed of before the commencement of the action.

The judgment must be affirmed with costs.

Judgment affirmed.