CORNELIUS BENNETT, Appellant, *v.* VERNON K. STEVENSON, impleaded, etc., Respondent.

In an action to foreclose a mortgage given to secure a bond containing a condition that, in case of default in the payment of interest for thirty days, the whole principal shall become due at the election of the mortgagee, where the complaint alleges the non-payment of interest and the election of the mortgagee that the whole become due, an order staying proceedings until further default cannot be granted in the absence of proof of fraud or improper conduct on the part of the plaintiff. (CHURCH, Ch. J., dissenting.)

*Noyes* v. *Clark* (7 Paige 179), distinguished.

Such an order is appealable to this court (Code, § 11, sub. 2), as it, in effect determines the action and prevents a judgment from which an appeal can be taken.

(Argued September 23, 1873; decided October 7, 1873.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department; reversing order of the County Court of Kings county denying motion, on the part of the defendant, to stay proceedings, and ordering that all proceedings, on the part of the plaintiff herein, be stayed until further default.

This action was brought to foreclose a mortgage given by defendant, Stevenson, to plaintiff. The bond accompanying

it contained a condition in substance that, should the interest on the principal sum remain unpaid and in arrear for thirty days, then, at the expiration of that period, the whole principal, at the option of the mortgagee, should become due and payable.

The allegations of the pleadings, and the facts, are set forth sufficiently in the opinion.

*H. B. Hubbard* for the appellant. The order of the county judge denying motion to stay proceedings was not appealable to the General Term. (Code, § 349; *Vandewater* v. *Kelsey*, 1 N. Y., 533.) The order of the General Term reversing the order of the County Court was appealable to this court. (Code, § 11, sub. 2; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 N. Y., 357.) The clause in the bond and mortgage, that if on failure to pay interest in thirty days after it became due, then the whole principal shall become due, was a contract between the parties, and the court should not interfere with its operations. (*Ferris* v. *Ferris*, 16 How., 102; 28 Barb., 29; *Malcolm* v. *Allen*, 49 N. Y., 448.)

*Julien T. Davies* for the respondent. The thirty days within which to pay the interest did not expire until thirty days had elapsed after the day the default occurred. (*Wilson* v. *Wood*, 9 Wend., 346; *Osborn* v. *Moncure*, 3 id., 170; *Ex parte Dean*, 2 Cow., 605; *Lester* v. *Garland*, 15 Ves., 248; *Butts* v. *Edwards*, 2 Den., 164; *Cornell* v. *Moulton*, 3 id., 12; *Judd* v. *Fulton*, 10 Barb., 117; *Brodrick* v. *Smith*, 26 id., 540; *Phelan* v. *Douglas*, 11 How. Pr., 193; *McGraw* v. *Walker*, 2 Hilt., 404.) Defendant had a right to an order to stay all proceedings until a further default. (*Thurston* v. *March*, 5 Abb. Pr., 389; *Hunt* v. *Keech*, 3 id., 204; *Lynch* v. *Cunningham*, 6 id., 94; *Noyes* v. *Clark*, 7 Paige, 179; *Brodrick* v. *Smith*, 26 Barb., 540.)

GROVER, J. The order of the General Term determines the action, and prevents a judgment from which an appeal

could be taken. It is, therefore, appealable to this court. (Code, § 11, sub. 2.)

The complaint alleges that the defendant omitted to pay the interest on the mortgage, which became due September 1, 1872, and in substance that the same remained unpaid and in arrear for thirty days; and that pursuant to the conditions of the bond, making the entire principal due upon the happening of such event, at plaintiff's election, he elected to have the whole sum secured by the mortgage paid at once, and demands judgment to that effect. As a defence, the defendant in his answer alleges that he tendered such interest to the agent of the plaintiff, and denies that the principal had become due according to such condition. This presented an issue for trial, pursuant to the provisions of section 254 of the Code. The affidavits made by the defendant, upon the motion in the County Court for a perpetual stay of proceedings, contained nothing which, if constituting a defence, would not have been equally available upon the trial. They contained nothing tending to show any fraud or improper conduct by the plaintiff or his agent. All that they did was to insist that the interest had remained unpaid and in arrear for thirty days, and that as a consequence, by virtue of the condition of the bond, the principal had become due. In this respect the case differs from *Noyes* v. *Clark* (7 Paige, 179). There the stay was ordered upon the ground that the plaintiff and his assignor had colluded to prevent the mortgagor from ascertaining who was then the owner of the mortgage, and thus prevented him from making payment to the right person within the time fixed by the condition; and that under such circumstances it was inequitable to permit the assignee to take advantage of the breach of the condition.

In the present case, the only questions were whether a tender had been properly made at any time, and, if so, whether it was made within the time prescribed by the condition. There is no reason why these questions should not be determined upon the trial of the action, as provided by

the section of the Code, *supra*.  The County Court, upon this ground, properly denied the motion.  This makes it unnecessary to determine the merits of the motion.

The order of the General Term must be reversed and that of the County Court affirmed, with costs.

All concur, except CHURCH, Ch. J., dissenting.

Ordered accordingly.