HERMAN ASENDORF, Appellant, *against* HERMAN MEYER, Respondent.

(Decided June 16th, 1879.)

Where, in action to foreclose a mortgage, the whole amount of principal and interest was claimed to be due on account of the failure of the mortgagor to pay a certain instalment of interest within twenty days after it became due, and the answer alleged as an excuse for the non-payment of the instalment of interest that there had been a parol agreement between the mortgagor and mortgagee, by which it was agreed that the mortgagor should have twenty days' additional time in which to pay it, and that the mortgagee should call at the mortgagor's place of business to get it, and that at such appointed place and time of payment the mortgagor had the money ready, but no actual tender of the interest had ever been made, and the defendant did not, in his answer, tender the amount of interest due nor pay it into court : *Held*, that even although the failure to pay the interest was so excused that the court would not decree payment of the whole principal sum ; that the plaintiff was entitled to a judgment of foreclosure for the amount of interest due, and under the circumstances ought to be allowed costs.

In an action to foreclose a mortgage, where only a part of the sum secured by it is due and payable at the commencement of the suit, the court may make a decree of sale to cover not only that sum but also such other sums as may be due at the time of making the decree.

APPEAL from a judgment in favor of the defendant, entered upon report of William H. Van Cott, referee, to hear and determine the issue.

This action was brought to foreclose a mortgage on land on account of non-payment of the principal, due at the option of mortgagee at the expiration of twenty days after default in payment of interest.

The defense was, that at the time the interest fell due the mortgagor and mortgagee mutually agreed that the interest should be paid twenty days thereafter at the place of business of the mortgagor, and that at that time and place the mortgagor was ready and willing to pay, but that no demand was made.

*Henry Bischoff, Jr., & Wm. C. Clifford*, for appellant.

*John E. Ward*, for respondent.

VAN HOESEN, J.—On the 1st day of July, 1877, the interest fell due on a mortgage made by the defendant to the plaintiff. On that day the defendant, under a clause in the mortgage, had the privilege of paying an instalment of $1000 on the principal of the mortgage. He paid that instalment, but did not pay the interest. He asked indulgence, and requested the plaintiff to call again for the interest. There was a conflict of testimony at the trial, as to whether the plaintiff agreed to call a second time for the interest, the plaintiff denying that he so agreed, and some witnesses for the defendant saying that when invited to call again in twenty days the plaintiff answered, "All right." The plaintiff did not call a second time, and the interest being unpaid on the 25th day of July, he then began this action of foreclosure, not only for the interest but also for the principal, which latter he contends became due, under the terms of the mortgage, by reason of the failure of the defendant to pay the interest within twenty days after July 1st. The mortgage does contain a provision that the principal shall, at the option of the plaintiff, become presently due and payable if the interest be in arrear for twenty days. The defendant offered to pay the interest and the costs which had accrued before he served his answer, but he has not paid the money into court, nor does the answer allege that he is ready and willing to pay what is undeniably due—the interest payable on the 1st of July. The case of the defendant is founded upon a misconception of the law. It is not, nor has it ever been, the law of New York, that, in order to recover on a note made payable at a particular place, a demand at that place should be averred or proved. (3 Kent Comm. Marg. p. 97; *Hills* v. *Place*, 48 N. Y. 523.) ·If the maker were ready to pay at the time and place specified in the note it is matter of defense, which may, under certain circumstances, discharge him from interest and costs. (*Hills* v. *Place*, above cited.) In order to save himself from interest and costs, the maker must pay the money into court, and allege in his answer the fact of such payment. (*Hills* v. *Place*, 5 Abb. N. S. 18; *Roosevelt* v. *Bull's Head Bank*, 45

Barb. 584; *Roosevelt* v. *N. Y. & Harlem R. R.*, 45 Barb. 556.) Conceding that there was a valid contract between the parties to this suit for a demand of the interest at the defendant's saloon, the making of such a demand was not, as the referee and the counsel for the defendant suppose, a condition precedent to the plaintiff's right of action. There can be no greater error than to say that the plaintiff was not entitled to judgment on *the evidence* for his interest, and I think it clear that he was entitled to *judgment upon the pleadings.* The answer admits the interest to be due, and as there is no plea of tender, and as the money was not paid into court, the plaintiff should have had judgment for the interest and his costs.

But there was never any valid contract for the change of the place at which the interest was payable. The law made it the duty of the defendant to seek out the plaintiff for the purpose of paying him. Throwing aside the objection that the defendant attempted to graft a parol agreement upon an instrument under seal, there is this conclusive answer to his contention: There was no consideration for the alleged agreement to change the place of payment. (*Vilas* v. *Jones,* 1 N. Y. 286, 289; *Bonafous* v. *Rybot,* 3 Burrows, 1370.)

It is unnecessary to pursue the matter further, for there is no doubt of the plaintiff's right to a judgment for the interest at least. Indeed, in view of the fact that in *Noyes* v *Clark* and in *Lynch* v. *Cunningham,* the cases cited by the defendant's counsel, the court required the mortgagor to pay the amount due before it stayed the mortgagee from proceeding to take advantage of the failure to make the tender which the mortgagor ought to have made, it is difficult to understand how the referee and the counsel could have fallen into the error of supposing that the mortgagor was excused from paying what he admitted he owed.

There is another question in the case, and that is, whether the plaintiff should be stayed from enforcing the collection of the principal of the mortgage? The rule is, that the court will interfere where the mortgagee does anything to prevent the mortgagor from tendering the interest in time, or where the

mortgagor has made an honest but unsuccessful effort to find the mortgagee and tender him the money.

In *Hale* v. *Payton* (60 N. Y. 233) the mortgagee was out of the State, and had no agent in the State authorized to receive the interest, and the court held, that under those circumstances the principal need not be paid. In *Noyes* v. *Clark* (7 Paige, 179) there was a conspiracy to prevent the mortgagor from finding out who was the owner of the mortgage. The chancellor stayed the collection of the principal. But the mortgagee cannot be stayed, unless fraud or improper conduct can be proved upon him, said Judge Grover in *Bennett* v. *Stevenson* (53 N. Y. 508).

In *Lynch* v. *Cunningham* (6 Abb. Pr. 94) Judge Davies said that the defendant could obtain a stay where he had made efforts to find the mortgagee on the 3d, and had actually tendered on the 4th interest which became due on the 1st. The learned justice placed his decision on the ground that the mortgagor had been prevented by accident or mistake from carrying out his intention of paying the interest in time. In this case I find, upon a careful reading of the testimony, that there is no ground for charging bad faith upon Asendorf, the plaintiff. The most that can be said is, that the defendant supposed that the plaintiff would call on him a second time for the interest. The so-called agreement, as proved by the defendant, was simply this : The defendant said, on July 2d, " The interest I will pay him in twenty days after, here." The plaintiff said, " All right." This is the whole contract. Now, no fair-minded man will question that the plaintiff may have understood that observation of the defendant to mean that he would pay the interest if an indulgence was given him for twenty days. The answer, " All right," may well have been intended to express the plaintiff's willingness to give the solicited time. That the plaintiff had no sharp practice in contemplation is evidenced by this, that he did not sue until the 25th of July, though he promised an indulgence of not more than twenty days. The sole claim to relief that I can discover is, that the defendant, intending to pay, was mistaken as to the place of payment.

The plaintiff is free from blame.   Under the circumstances, if the case were before us unencumbered by the judgment, I should be inclined to stay the collection of the principal of the mortgage.   But, as we intimated at the argument, the interest now due must be paid.   If, by reason of the failure to pay interest accruing since the beginning of the suit, the plaintiff has now the right to claim the principal, he may in this action obtain relief.   (*Malcolm* v. *Allen*, 53 N. Y. 448 ; 2 R. S. 193, secs. 161–166 ; *Ferguson* v. *Ferguson*, 2 N.Y. 364.)

The judgment should be reversed, with costs to the plaintiff.

CHARLES P. DALY, Ch. J., concurred.

Judgment reversed, with costs to the plaintiff.