CALVIN A. CASE v. PATRICK L. O'BRIEN ET. AL.

*Mortgage—Subsequent purchaser—Delay of mortgagee—Extension of time—Subrogation—Principal and surety.*

1. A mortgagor conveyed a portion of the mortgaged premises, with covenants of warranty and against incumbrances, *before* the maturity of the mortgage debt, and *after* it became due the time for payment was extended for three years, but without consideration. Shortly before the expiration of said extension, the grantee negotiated for the purchase of the mortgage, but by reason of the accumulation of interest was unable to raise the money necessary for that purpose; and the mortgagee commenced foreclosure proceedings at law, which were enjoined at the suit of the purchaser on the ground of the failure of the mortgagee to enforce collection at maturity, the mortgagor having become insolvent during the interim.

---

[1] See *Battishill v. Humphreys*, 64 Mich. 514 (head-note 4) ; *Hart Manuf'g Co. v. Mann Car Co.*, 65 Id. 564 (head-note 1).

*Held*, that the only right of the purchaser, as against the mortgagee, was to redeem and become subrogated to his rights, which right could not be destroyed by any agreement he might make.

2. A subsequent purchaser of mortgaged premises does not stand as a mere surety, although a mortgagee cannot knowingly discharge other lands from the mortgage, without, to some extent, risking his own priority, so far as the subsequent purchaser is damnified by losing the benefit of a sale in inverse order.

3. A surety is not discharged by an extension of time unless resting in a valid contract.

Appeal from Gratiot.   (Hart, J.)   Argued May 5, 1887. Decided June 9, 1887.

Bill to enjoin foreclosure of mortgage.  Decree dismissing bill affirmed.  The facts are stated in the opinion and headnotes.

*S. J. Scott*, for complainant.

*C. J. Willett*, for defendants.

CAMPBELL, C. J.   The bill in this cause was filed to get rid of a mortgage on premises which complainant held as a subsequent purchaser, on the ground that, by delay in foreclosing, the value of the property mortgaged had been diminished, and the mortgagor had become insolvent.   The court below dismissed the bill.

In April, 1878, O'Brien lent Aaron Wessels $1,550 at 10 per cent. interest, on three years' time, taking a mortgage on lots 5 and 6 of block 46, and the west half of lots 1 and 2, in block 33, of the village of St. Louis, Gratiot county.   This was recorded soon after its date.   On the twentieth of May, 1880, Wessels conveyed the west half of lots 1 and 2, in block 33, to complainant, for $1,200.   This deed contained covenants against incumbrances and of warranty.   It was recorded in February, 1881.

In June, 1881, Wessels not having paid his mortgage, and

O'Brien not caring to have his money, the time of payment was extended, but without consideration, for three years.

Complainant never had any interview or negotiation with O'Brien until April, 1884, when he proposed to buy up the mortgage, but it was larger than he supposed, by reason of interest arrears, and he could not raise the money. O'Brien began to foreclose in May, 1884, and on the twenty-ninth of July, 1884, complainant filed his bill to restrain the sale which was noticed for August 2, making defendant Peet a party, as sheriff. The circuit judge allowed an *ex parte* injunction, which was served on Peet, but not on O'Brien, before the foreclosure sale. The record does not show service of subpœna.

We do not discover any foundation for this bill. Complainant could at any time have paid up the mortgage, and become subrogated to O'Brien's rights. He had at all times the means of informing himself concerning the condition of the mortgage. He rested on his faith in Wessels, and took no steps until the latter became insolvent.

It is difficult to see how complainant could get any right to have this mortgage discharged without payment. His only right, as against the mortgagee, was to redeem and become subrogated. No agreement which defendant could make would destroy this right. But the record does not show any legally binding agreement for an extension, which either Wessels or his grantee could have enforced had they desired to do so. We do not think a subsequent purchaser stands as a mere surety, although a mortgagee cannot knowingly discharge other lands from the mortgage, without, to some extent, risking his own priority, so far as the subsequent purchaser is damnified by losing the benefit of a sale in inverse order. But even a surety is not discharged by a mere extension of time. It must be such an extension as rests in a valid contract, and no such contract appears in this record. There never was any time when complainant could not have

redeemed. Whatever loss he may have sustained was the result of his own reliance on Wessel's responsibility.

The decree should be affirmed.

The other Justices concurred.