[No. 8772. Department Two. November 26, 1910.]

FRANCES KNISELL, *Appellant*, v. ALBERT BRUNET *et al.*,
*Respondents.*[1]

APPEAL—FINAL ORDERS—DETERMINING ACTION. An order staying
the foreclosure of a mortgage, upon tender of the installment of in-
terest due, is appealable as an order in effect determining the action
and preventing final judgment therein, within Rem. & Bal. Code,
§ 1716, subd. 6.

MORTGAGES—FORECLOSURE—STAY—STATUTES. Rem. & Bal. Code,
§ 1126, providing for a stay of the foreclosure of a mortgage upon
which there shall be due any interest or installment of the principal
and there are other installments not due, if tender of sums due and
costs are paid, does not apply where, by reason of default or breach,
the mortgagor has declared the whole principal sum due, in ac-
cordance with the provisions of the mortgage; since such provisions
are valid and must be given force, and consequently no other install-
ments are *not due.*

Appeal from an order of the superior court for King
county, Gilliam, J., entered March 23, 1910, granting a stay
of. proceedings in an action for the foreclosure of a mortgage,
upon tender and application of the defendants. Reversed.

[1]Reported in 111 Pac. 894.

*Harrison Bostwick* and *Frank A. Steele*, for appellant.

*Wm. Martin* and *Julius L. Baldwin*, for respondents.

RUDKIN, C. J.—On the 9th day of May, 1908, the defendants Harry S. Huckle and wife executed and delivered to the plaintiff their certain coupon note, for the sum of $1,800, payable three years after date, with interest at the rate of 7% per annum, payable semi-annually on the first day of May and November of each year. The interest was represented by six coupon notes attached to the principal note. The notes were made payable at the office of Harrison Bostwick, in the city of Seattle, and the principal note contained the following stipulation on the part of the makers:

"It is further expressly agreed, that if default be made in the payment of any interest note, or any portion thereof, after the same becomes due and payable at the time and place aforesaid, then the said principal sum and all accrued interest shall, at the option of the legal holders thereof, thereupon, and without further notice become due and payable, and if suit shall be brought to collect the principal and interest we promise to pay the additional sum of ten (10%) per cent. on the amount due, as attorney's fees in said suit. This note is secured by a first mortgage upon real property in the county of King, state of Washington, and if after the sale of said mortgaged property any balance remains due on this note we consent to a deficiency judgment therefor."

At the same time, and as a part of the same transaction, the makers of the note executed and delivered to the payee their certain indenture of mortgage on real property in the city of Seattle to secure the payment of the principal note and coupons according to their terms. The mortgage likewise contained the following stipulation on the part of the mortgagors:

"And it is hereby stipulated and agreed, that in case of failure to pay said notes or indebtedness hereby secured, or interest thereon or any part thereof as and when the same shall become due and payable at the time and in the manner above specified for the payment thereof; or in case of waste

or nonpayment of taxes or assessments on said premises, or a breach of any of the covenants or agreements herein contained, then in such case the whole of said principal sum and interest secured by the said mortgagors' promissory note in this mortgage mentioned shall thereupon at the option of said mortgagee become immediately due and payable without notice thereof to the mortgagors, their heirs, executors, administrators or assigns."

The mortgage was filed for record; and thereafter the defendants Albert Brunet and wife purchased the mortgaged premises, subject to the mortgage, and assumed the mortgage debt as a part of the purchase price. The interest or coupon note falling due on the 1st day of November, 1909, was not paid at maturity, and the plaintiff thereupon elected to declare the whole sum due, both principal and interest, and instituted the present action to foreclose the mortgage. The Brunets appeared in the action, tendered the accrued interest with costs, and prayed for an order staying further proceedings, pursuant to Rem. & Bal. Code, § 1126, which provides as follows:

"Whenever a complaint is filed for the foreclosure of a mortgage upon which there shall be due any interest or installment of the principal, and there are other installments not due, if the defendant pay into the court the principal and interest due, with costs, at any time before the final judgment, proceedings thereon shall be stayed, subject to be enforced upon a subsequent default in the payment of any installment of the principal or interest thereafter becoming due. In the final judgment, the court shall direct at what time and upon what default any subsequent execution shall issue."

The court granted the stay of proceedings as prayed, and from this order the plaintiff has appealed.

A motion interposed by the respondents to dismiss the appeal on the ground that the order is not final was heretofore denied by this court, without an opinion, for the reason that the order in effect determined the action and prevented

a final judgment therein, within the meaning of Rem. & Bal. Code, § 1716, subd. 6. *Bennett v. Stevenson*, 53 N. Y. 508.

From the foregoing statement, it will be seen that the construction of section 1126 *supra*, as applied to a note and mortgage of this kind, is the only question presented for our consideration. At the present day, nearly all notes and mortgages contain a provision under which the right to foreclose accrues upon the breach of any one of numerous stipulations on the part of the mortgagor, such as an agreement to pay interest, taxes, procure insurance, etc. Such stipulations are not looked upon as penalties, but rather as agreements fixing the maturity of the debt, and are enforcible according to their terms. 2 Jones, Mortgages (6th ed.), §§ 1180-81; Wiltsie, Mortgage Foreclosure, § 41.

The debtor and creditor have a right to agree that the debt shall become due and payable on the happening of any lawful contingency, such as the nonpayment of interest or taxes, and it is the duty of the courts to enforce their agreement as made. And if the statute under consideration is to receive the construction placed upon it by the court below, it seriously impairs and curtails the right of private contract, and is of very doubtful validity. But we are satisfied that such a construction is neither called for nor authorized. This section is simply declaratory of the old chancery practice, where an action was brought to foreclose a mortgage given to secure a debt payable in installments. In such cases the court would retain jurisdiction of the cause, even though the amount due was tendered or paid, and decree a further sale as subsequent installments became due, in order to avoid a multiplicity of suits. 2 Jones, Mortgages, § 1181, *supra*. Similar statutes exist in other states, though some of them, at least, provide that the action shall be dismissed upon the payment of the installments due, with costs, instead of providing for a stay of proceedings, as with us. 3 Fay, Digest of the Laws of New York, page 407, § 161; Bel. & Cot. Codes and Statutes of Oregon, §§ 430, 431.

The statute in question in terms only applies where there are other installments *not due*, and such is not this case; for, by the express terms of the note and mortgage in suit, the entire sum has become due and payable—not only due and payable for the purposes of foreclosure, but due and payable for all purposes. *Noell v. Gains*, 68 Mo. 649; *Wheeler & Wilson Mfg. Co. v. Howard*, 28 Fed. 741.

In *Bennett v. Stevenson*, *supra*, the court of appeals of New York reversed a similar stay order, notwithstanding their statute provided that: "Whenever a bill shall be filed for the satisfaction or foreclosure of any mortgage, upon which there shall be due any interest, or any portion or installment of the principal, and there shall be other portions or installments to become due subsequently, the bill shall be dismissed, upon the defendant's bringing into court, at any time before the decree of sale, the principal and interest due, with costs." Fay, Digest of the Laws of New York, p. 407, § 161, *supra*. To the same effect see: *Malcolm v. Allen*, 49 N. Y. 448.

For these reasons, we are of opinion that the court erred in granting the stay; and the order is accordingly reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

CHADWICK, MORRIS, CROW, and DUNBAR, JJ., concur.