MELZE-ALDERTON SHOE CO. *v.* FIRST STATE SAVINGS
BANK.

1. INJUNCTION—FORECLOSURE OF MORTGAGES—PLEADING.
   Upon demurrer to a bill to restrain defendant from foreclosing
   certain mortgages that complainant claimed the mortgagee
   was equitably estopped from foreclosing because of state-
   ments made to and relied upon by complainant, the bill was
   insufficient if it failed to aver that the claim of complainant,
   a purchaser of the mortgaged lands upon execution sale, could
   not be satisfied out of the property after paying the amount
   of the mortgages.

2. SAME—PARTIES—FORECLOSURE.
   And the mortgagor and his wife were indispensable parties to
   the suit, wherein complainant prayed to have the amount
   due determined and to have one mortgage declared paid.

Appeal from Osceola; Withey, J. Submitted June
26, 1912. (Docket No. 38.) Decided July 11, 1912.

Bill by the Melze-Alderton Shoe Company against the
First State Savings Bank of Evart for an injunction and
other relief. From an order overruling a demurrer to
complainant's bill, defendant appeals. Reversed

*B. N. Savidge,* for complainant.

*Odell Chapman,* for defendant.

BIRD, J. The complainant filed its bill to restrain the
defendant from foreclosing certain real estate mortgages
by advertisement. It charges, in substance, that one
Benjamin F. Gitchell was in February, 1908, indebted to
it on two promissory notes in the sum of $837.97; that the
said Gitchell was the owner of considerable personal prop-
erty, and had title to several pieces of farming lands in
Osceola county, which were incumbered by two mort-
gages held by the defendant. Being advised that most of

the indebtedness of Gitchell was owing to the defendant, complainant's attorney called upon George A. Glerum, the cashier of the defendant, and requested a statement of Gitchell's indebtedness. The cashier informed him that Gitchell had property of the value of $40,000, and was not indebted to exceed $12,700; that the bank held two real estate mortgages, one for $5,000 or $5,500, and another for $1,200; and that he was indebted to other parties in the sum of $4,200. It is further charged that subsequently the cashier advised the attorney that the $1,200 mortgage had been paid, and that the other mortgage had been materially reduced by a sale of collateral which the bank held. That, in reliance upon these statements of the cashier, complainant commenced a suit on the notes, obtained judgment, and levied upon and sold all the real estate of the said Gitchell, and that it purchased at such sale all of said real estate save two parcels. That soon after this the defendant commenced foreclosure proceedings by advertisement upon all of these lands, including the parcel upon which the $1,200 mortgage had been a lien, to satisfy two mortgages, upon which it was claimed there was due the sum of $5,414.90 and $1,476.86. The bill further charges that the $1,200 mortgage was fully paid and the lien extinguished, and that the amount due upon the other mortgage was much less than was claimed in the notice of sale.

The relief prayed was (*a*) to restrain the foreclosure sale, (*b*) for an accounting of the amount due on the larger mortgage, and (*c*) to have the $1,200 mortgage declared paid. Upon filing the bill, a temporary injunction issued restraining the sale.

The defendant demurred to the bill and assigned several causes therefor, only two of which have been argued in defendant's brief: (1) That there is no equity shown by the bill; (2) that Gitchell and his wife should have been made parties.

1. Defendant assumes that complainant rests his entire case on the representations made by the cashier that the

$1,200 mortgage was paid, and the amount due on the other mortgage was materially reduced, and argues that such representations are not binding on the bank. If we should so hold, it would not be conclusive of the question as to whether any equity was stated in the bill, as it is elsewhere alleged in the bill that the $1,200 mortgage has been paid and the other materially reduced. The statements of the cashier, if admissible, would be one way to prove what is alleged, and, if they are not admissible, it would not follow that the complainant would be precluded from establishing the allegations by other testimony.

It is also urged that, conceding the statements were made by the cashier as claimed, the bill does not show how complainant has been harmed on account of them; that it does not appear that there is not value enough in the real estate to pay both the judgment and the mortgages. The bill shows that complainant paid $650 at the sale for the parcel upon which the $1,200 mortgage had been a lien. There is no allegation as to the value of this parcel. For aught the bill shows, the parcel is worth enough to take care of both claims. If it is, then complainant has not suffered by reason of the statements. We think this point is well taken.

2. Are Gitchell and his wife necessary parties to the suit? The proceeding is one to fix the amount due upon one mortgage and to have the other declared paid. These mortgages were given by Gitchell and his wife. Gitchell is still the legal owner of the premises covered by the mortgages. He has a right to redeem from the execution sale, and, if he does so, he will be interested in the amount due upon the mortgages; if he does not, it may affect his personal liability on the notes accompanying the mortgages. Should he redeem from the execution sale after complainant has been subrogated to the rights of the mortgagee, the amount fixed by the court should be binding upon all of the parties, and this would not be the case unless Gitchell and his wife are made parties. In view of

these considerations, we think they are necessary parties and should have been made defendants.

The order overruling the demurrer will be reversed, and an order entered sustaining it, with permission to complainant to amend its bill and to bring in other parties defendant. The defendant will recover its costs in this court.

MOORE, C. J., and BROOKE and STONE, JJ., concurred.

OSTRANDER, J., concurred, upon the ground that the mortgagor and his wife are necessary parties.