# A. G. MOLLER v. A. F. ROBERTSON AND ANOTHER.[1]

July 2, 1920.

No. 21,904.

**Injunction against enforcement of legal right, when.**

1. A court of equity will enjoin the exercise of a legal right in the enforcement of a remedy given by express contract, if it has jurisdiction in any such case at all, only to prevent manifest injustice and irreparable injury.

**Mortgage — exercise of option to foreclose for nonpayment of instalment not enjoined.**

2. The facts presented in this case do not show that manifest injustice or irreparable injury will result from an exercise by the mortgagee of an option given by the mortgage to declare the whole sum secured by the mortgage due and payable for a default in the payment of an instalment of interest, and an injunction restraining the foreclosure of the mortgage for the amount so declared due was properly denied.

**Same — amount due correctly stated in notice of foreclosure.**

3. The amount so declared due in such case is, for the purposes of the foreclosure, the amount actually due, and the notice of the foreclosure, stating that as the amount claimed to be due, is in compliance with the statute.

Action in the district court for Hennepin county to enjoin the foreclosure of a real estate mortgage. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of defendants. From an order denying his motion for further and amended findings and from an order denying his motion for a new trial, plaintiff appealed. Affirmed.

[1]Reported in 178 N. W. 590.

*Charles A. Dalby,* for appellant.

*Adolph E. L. Johnson, John N. Berg* and *Alvord C. Egelston,* for respondents.

BROWN, C. J.

Action in equity to restrain the foreclosure of a real estate mortgage in which defendants had judgment and plaintiff appealed from an order denying a new trial.

The short facts are as follows: Plaintiff purchased a tract of land owned by the Twin City Fuel Company, a corporation, and to secure the payment of a part of the purchase price executed to the wife of the president of the company, Mrs. Barron, a mortgage thereon in the sum of $7,550, which was duly recorded. The fuel company was soon thereafter adjudged a bankrupt in due proceedings in the Federal court, and the trustee appointed therein brought an action to recover the property sold to plaintiff, on the ground that the sale and transfer were void as to the creditors of the fuel company. Plaintiff in this action was a party defendant in that action, as was also the holder of the mortgage so given by plaintiff to secure the purchase price of the property. The result of the action was a judgment, duly entered on July 10, 1919, sustaining the validity of the sale and transfer of the property to plaintiff, and further, that the mortgage, though in the name of Mrs. Barron, was in fact the property of the fuel company, and it was accordingly set over and transferred by the judgment to the trustee for the benefit of creditors. The mortgage was subsequently sold and assigned by the trustee to defendant Robertson, who at all times since has remained the owner and holder of the same.

The mortgage contained a provision authorizing the mortgagee, in case of default in the payment of any instalment of interest, to declare the principal due and payable, and to foreclose the mortgage for the whole amount of principal and overdue interest. An instalment of interest fell due on July 25, 1919, and was not paid. Thereupon defendant, as assignee of the mortgage, declared the whole amount secured by the mortgage due and payable, though the principal was not in fact due for several years, and duly commenced proceedings to foreclose the mort-

gage by advertisement, stating in the notice as due and payable at the date thereof an amount equal to the principal debt and overdue interest.

Plaintiff then brought this action to restrain the foreclosure on the ground that it would be unjust and inequitable to permit it to proceed. The amount of delinquent interest, but not the principal so declared due, was tendered and brought into court for the use of defendant.

The cause was tried without a jury and the court found the facts substantially as stated, and further, that plaintiff failed to show any equities entitling him to relief, and judgment was ordered for defendants.

The assignments of error present no sufficient reason for a reversal of the order appealed from and it must be affirmed. The legal right of defendant to declare the whole sum secured by the mortgage due and payable for the default of plaintiff to pay the interest when due is not questioned. White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L.R.A. 673. The principal contention in support of the appeal is that on the facts disclosed it would be inequitable for him to exercise the right, therefore that he should be restrained. A careful examination of the record brings to light no reason for disapproving the findings of the trial court in this respect. Whatever jurisdiction, if any, a court of equity may possess to restrain by injunction the exercise of a legal right in the enforcement of a remedy given by express contract, it should be exercised only to prevent manifest injustice and irreparable injury. Montgomery v. McEwen, 9 Minn. 93 (103); Knisell v. Brunet, 60 Wash. 610, 111 Pac. 894; Case v. O'Brien, 66 Mich. 289, 33 N. W. 405; Melze-Alderton Shoe Co. v. First State Sav. Bank, 171 Mich. 26, 137 N. W. 208; Staure v. Childs, 63 Ala. 473; 3 Jones, Mortgages, §§ 1447a and 1802.

The facts do not bring this case within the rule. Plaintiff's grievance is found in the claim that, because of the pending litigation involving the ownership of the mortgage, the issue therein being whether the mortgage to Mrs. Barron was fraudulent, and whether it in fact belonged to the fuel company, he did not know to whom he safely could pay the interest. He expresses a willingness to pay the same and is anxious to do so and to have the mortgage run on for the term of years therein stipulated. But the litigation which he claims was in the way of the payment terminated prior to the due date of the instalment of interest in

question, and the mortgage by the judgment therein had been transferred to the trustee in bankruptcy. Plaintiff was party to that action, and therein his title to the mortgaged property was confirmed. As such party he was charged with notice of all proceedings in the action, and was not entitled to special notice that motions by some of the parties for a new trial had been disposed of and final judgment in the action formally rendered. He could have paid the interest to the trustee, and his rights would have been fully protected, or he could have learned from the trustee to whom the mortgage had been assigned, and thus been in a position to protect himself and prevent an exercise of the right given the mortgagee to declare the whole amount secured due and payable on default to pay the interest. The trial court was not bound to accept his statements in evidence that he made an effort in this respect; the evidence tendered by defendants evenly balances if it does not clearly outweigh that given by plaintiff. In that situation the facts do not bring the case within the rule justifying injunctional restraint of the foreclosure.

The amount stated in the notice of foreclosure, being the principal of the secured debt and the overdue interest, was the amount due for the purposes of foreclosure (White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L.R.A. 673), and the contention of plaintiff that an excessive amount was stated is not sound. Gorham v. National Life Ins. Co. 62 Minn. 327, 64 N. W. 906, is not in point.

Order affirmed.