JAMES EATON, Respondent, *v.* WILLIAM H. WELLS, Impleaded, etc., Appellant.

An averment of tender in an action admits the cause of action stated in the complaint to the amount tendered; the defendant is bound by the averment and the plaintiff or the court may accept it as an admission establishing the fact that a tender was made.

In an action to foreclose a mortgage, defendant W. set up in his answer a tender upon a day specified, which was after the commencement of the action, of a sum stated "in payment of the mortgage debt evidenced and secured by the bond and mortgage." The amount so alleged to have been tendered was more than the amount claimed in the complaint to be due and payable, with interest up to the time of the tender; there was no averment of tender of the costs or order for the tender of the debt without costs. *Held*, that by the pleadings, if the plaintiff and the court chose to take the averments of the answer as true, there was no issue of fact to be tried; but that the tender alleged was insufficient, as plaintiff

---

was entitled to costs; that plaintiff was therefore entitled to judgment; and that motion for judgment on the pleadings was properly granted.

Also *held*, that no findings of fact were required as there was no trial of an issue of fact; and that an order for judgment was a sufficient decision in writing to meet the demands of section 1010 of the Code of Civil Procedure.

Defendant moved for and obtained an order of Special Term to set aside the judgment. *Held*, that conceding the order for judgment was not sufficient within said section, defendant's practice was not correct; that his remedy was, as prescribed by said section, to move for a new trial on that ground.

(Argued November 9, 1880; decided November 16, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing an order of Special Term which vacated and set aside a judgment herein, in favor of plaintiff, entered upon an order directing judgment on the pleadings as against defendant Wells, who alone appeared and answered, and on default as to the other defendants.

The nature of the action and the facts are set forth sufficiently in the opinion.

*H. C. M. Ingraham* for appellant. The plea of tender is never an admission of an amount due greater than the amount tendered. (7 Wait's Actions and Defenses, 597.) The granting of plaintiff's motion for judgment on the pleadings was a trial. (Old Code, § 252; *Place* v. *Butternuts Woolen & Cotton Manuf. Co.*, 28 How. 184; *Small* v. *Ludlow*, 1 Hilt. 307; *Hill* v. *Simpson*, 11 Abb. [N. S.] 343; 3 Wait's Pr. 2.) This being a trial of issues of fact by the court, the decision of the court should have been made and filed, stating separately the facts found and the conclusions of law, and directing the judgment to be entered thereupon. (New Code, §§ 1010, 1022; *Bridges* v. *Weeks*, 30 N. Y. 328; *Mathews* v. *Mayor, etc., of N Y.*, 14 Abb. 209, 214.) The order of judgment made at the trial cannot be construed as a decision with findings. (*Thomas* v. *Tanner*, 14 How. 426; *Burger* v. *Baker*, 4 Abb. 11.) The failure to state the findings of fact and conclusions

of law separately is a substantial error. (*Gore* v. *Hammond*, 48 How. 385.)

*N. C. Moak* for respondent. The findings were a sufficient compliance with the provisions of the Code. (Code, §§ 1010, 1022, 1023; *Pollock* v. *Pollock*, 71 N. Y. 139; Bliss' Code, 731, note.) If defendant desired any findings, it was his duty, under section 1023, to present his proposed findings to the court, and ask it to pass upon them. (*Sniffen* v. *Koechling*, 45 N. Y. Super. Ct. 61.) Admitting that if no decision is filed defendant might move to set aside the judgment, he cannot do so if one be filed; remedy is given only for want of any decision, not for a defective one. (*Gove* v. *Hammond*, 48 How. Pr. 385; *Bowers* v. *Talmage*, 23 N. Y. 166; *Tallman* v. *Brisler*, 58 id. 125.) If the findings were too general in their nature, the proper remedy for respondent was to ask for more specific ones. (*Simmons* v. *Richardson*, 5 Hun, 177; *Smith* v. *Coe*, 29 N. Y. 666; *Ashley* v. *Marshall*, 29 id. 494.) The question presented to the court by plaintiff's motion was a question of law, and no findings of fact were required. (Van Santv. Eq. Pr. 245; 3 Wait's Pr. 230.)

FOLGER, Ch. J. This was a suit to foreclose a mortgage. There were pleadings by an amended complaint and an amended answer. There would have been an issue of fact, whether there was any thing due and payable on the mortgage by its terms, at the commencement of the suit, had it not been for an allegation in the answer of a tender of a sum certain, at a day and place certain, in payment of the mortgaged debt. The defendant, having averred a tender, was bound by that statement in his pleading, and the plaintiff and the court could accept the averment as an admission establishing the fact that a tender was made. Now, a tender admits the cause of action stated in the complaint to the amount tendered. (*Johnston* v. *Columbian Ins. Co.*, 7 Johns. 315; *Spalding* v. *Vandercook*, 2 Wend. 431; *Roosevelt* v. *N. Y. & H. R. R.*, 45 Barb. 554, and cases there cited.) The amount here tendered was $2,568, and it

was tendered on the 19th day of September, 1879. The amount claimed in the complaint to be due and payable was $2,500 and interest from the 1st day of May, 1879, at the rate of seven per cent. On the day that the tender was made, the amount thus due and payable was some cents less than the amount tendered. So that by the pleadings, if the plaintiff's counsel and the court chose to take the averments of the answer as true, there was no issue of fact left to be tried. The single question left was this : Was the tender sufficient ? It appeared that the suit was begun before the tender was made. The plaintiff was, therefore, entitled to some costs of the suit. But no tender was made for these, nor was there an order for a tender of the debt without a tender of the costs. Therefore, the defendant failed to satisfy the suit by the tender that he made. The plaintiff was entitled to judgment against him.

It is said that the court needed proof of the amount of the debt, before it could be known that the sum tendered was not enough to cover the costs of the suit, as well as the money due on the mortgage. But the allegation of the tender is, that it was made in payment of the mortgage debt, evidenced and secured by the bond and mortgage. Hence, it needed only a computation based upon the bond and mortgage as set forth in the complaint, to ascertain whether the tender was exactly or nearly of the amount of the debt, so as to be an admission thereof as averred in the complaint. To avoid the force of this language of the answer, it is claimed that costs, when the right to them attaches, are a part of the mortgage debt. That is not correct. The mortgage is a lien upon the land for the debt ; and when suit has been properly brought to enforce it, it is also a lien thereon for the costs ; but it is for the costs as an incident to the debt, not as a part of the debt. There was, then, no need of proof of the amount of the debt, aside from the averments of the pleadings.

There was, then, no trial of an issue of fact. No findings of fact were needed, for there were no facts to be found. The pleadings contained them. It was a judgment rendered on the pleadings. It was like a demurrer *ore tenus ;* though not one

in technical form, it was one in effect.    There are no findings of fact on the hearing of a demurrer.    None are to be found. The pleadings contain them; and conceding them to be as the pleadings state them, the conclusion of law is this or that.

But it is said that there was no decision in writing filed with the clerk, in pursuance of section 1010 of the New Code.    We think that the order for judgment in this case is a sufficient decision, in writing, to meet the demand of that section in the case now presented.    But if we concede that it is not, then the practice of the defendant was not correct.    He moved for and got an order at Special Term to set aside the judgment.    The section last cited does not warrant that.    If no decision in writing is filed, the party may move at Special Term for a new trial on that ground, and the court may order a new trial absolutely or *nisi*.

The order of the Special Term was erroneous, and that of the General Term reversing it should be affirmed.

All concur.

Order affirmed.