Per Curiam.
We think, on the facts alleged in the complaint and admitted by the answer, that the plaintiffs were entitled to an interlocutory decree for an accounting.
The copartnership between the plaintiffs and the defendants’ testator had been dissolved for upwards of nine years by agreement of all the partners, and the fact that one of the members of the firm died after the dissolution, is no reason why a court of equity should refuse an accounting. The fact that the defendants denied liability for certain disbursements arising out of what is called the Mariposa claim, is a matter of account, and the defendants’ claim that the court should try that issue at special term is a matter resting largely in the discretion of the court, and it does not appear that that discretion was improperly exercised.
The fact that $13,000, of book accounts remain uncollected, is certainly no reason for refusing an accounting. The statute of limitations would appear to have run against these claims, and if any of them are valid they can be collected by the receiver, or they may be disposed of by him as the court shall direct.
The only question that remains is whether the interlocutory judgment as entered should be reversed because the trial judge failed to make findings of fact.
It was held in Eaton v. Wells (82 N. Y. 576), that where the judgment rendered is on the pleadings, that there was no trial'of an issue of fact, no facts to be found, and consequently no findings of fact were needed ; that *286 the decision of the court with an order for the judgment, was a sufficient decision in writing to meet the requirement of section 1010 of the Code. There being no trial of an issue of fact, section 1022 did not apply.
Judgment affirmed, with costs.