ELIPHALET WOOD, Appellant, *v.* VALENTINE L. LARY et al., Respondents.

|     |     |
| --- | --- |
| 124 | 83 |
| 129 | 631 |
| 124 | 83 |
| 132 | 491 |
| 124 | 83 |
| 148 | 85 |
| 124 | 83 |
| 162 | 283 |

In every case triable by the court without a jury, or by a referee, if evidence is presented, there must be a decision of the court or a report of the referee stating separately the facts found and the conclusions of law based thereon, as required by the Code of Civil Procedure (§ 1022) in the absence thereof the judgment cannot be reviewed.

*It seems*, however, this rule does not apply where the complaint was dismissed before the introduction of testimony. or where judgment was rendered on the pleadings.

Reported below, 47 Hun, 550.

(Argued December 4, 1890; decided January 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 18, 1888, which modified, and affirmed as modified, a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John C. Ten Eyck* for appellant. The directors elected by preferred stockholders under the reorganization plan have no power to issue mortgage bonds in excess of the amount authorized therein. (*Warren* v. *Ding*, 108 U. S. 389; *Lockhart* v. *Van Alstyne*, 31 Mich. 76; *St. John* v. *Erie*, 22 Wall. 136; Jones on Railroads, § 620.) The declaration of a dividend (other than a stock dividend) out of earnings which had been expended by the directors for betterments, is illegal; although such dividends may not excee ˙ the amount of earnings that would have been applicable for that pupose if they had not been so expended. (*N. Y., L. E. & W. R. Co.* v. *Nichols*, 119 U. S. 296; *St. John* v. *Erie*, 22 Wall. 136–147; *Kent* v. *Q. M. Co.*, 78 N. Y. 159.) The issuing of bonds in payment of a dividend is of itself illegal. (2 R. S. 1531, §§ 3, 28; *N. T. Co.* v. *Miller*, 6 Stewart, 163; *R. R. Co.* v. *Howard*, 7 Wall. 409; *Bartlett* v. *Drew*, 57 N. Y. 587; *Upton* v. *Tubel-*

*cock,* 91 U. S. 47 ; 2 Black. 721 ; *N. Bank* v. *Douglas,* 1 McCreary, 86 ; *Richardson* v. *R. R. Co.,* 44 Vt. 622 ; *Evans* v. *Coventry,* DeG., M. & G. 835 ; *Wood* v. *Dummer,* 3 Mass. 308 ; *Merriman* v. *P. Co.,* 8 Pet. 286 ; *Cunan* v. *Arkansas,* 15 Hun, 304.) The words " capital stock " used in section 2, Revised Statutes, 1533, above quoted, have been decided by this court to refer to " property stock " as distinguished from " paper stock," and the object of the statute is to keep this property stock from being distributed among the stockholders ; to keep it intact for the benefit of creditors and in order to ensure the carrying out by the company of the purposes for which its franchises were given to it. This object will be defeated if bonds secured by a mortgage on the " property stock " may be issued in payment of a dividend. ( *Williams* v. *W. U. T. Co.,* 93 N. Y. 162.) In the absence of evidence of the value of the bonds which it is sought to have delivered up for cancellation, there is no basis for the granting of an additional allowance. ( *Connaughty* v. *S. C. Bank,* 92 N. Y. 401 ; *O. & L. C. R. R. Co.* v. *V. & C. R. R. Co.,* 63 id. 176 ; *Weaver* v. *Ray,* 83 id. 89 ; *Coleman* v. *Chenny,* 7 Robt. 578 ; *Matthewson* v. *Thompson,* 9 How. Pr. 231 ; *Tilman* v. *Powell,* 13 id. 117 ; *Buchanan* v. *Morrell,* Id. 296.)

*Robert W. deForest* for respondents. The plaintiff's case rests entirely on the allegations and admissions of the answer, and upon these allegations and admissions taken as a whole. The plaintiff cannot rely on any admissions of the answer, except in connection with, and as modified by, the accompanying affirmative allegations. ( *Goodyear* v. *De la Vergne,* 10 Hun, 537 ; *Vanderbilt* v. *Schreyer,* 21 id. 541 ; *Rouse* v. *Whited,* 25 N. Y. 170.) The power of directors of a corporation to borrow money for corporate purposes and to pledge the property of the corporation by mortgage, or otherwise, to secure debts so incurred without any vote of, or assent by, the holders of its common stock, is unquestionable in the absence of some statutory or other limitation. (Wood on Railways, 527, § 179.) The power of the directors to distribute net sur-

plus earnings as dividends was not affected by the fact that these surplus earnings had been invested in new property, additions and betterments. Such an investment did not place this surplus beyond the reach of the dividend-making power of the directors. (*Williams* v. *W. U. T. Co.*, 93 N. Y. 162; *State of Maryland* v. *B. & O. R. R. Co.*, 6 Gill, 363; *Chaffee* v. *R. R. Co.*, 55 Vt. 110.) These dividends constituted a debt to the preferred stockholders under the terms of the reorganization agreement and the preferred stock certificate, and payment of the dividend in five per cent bonds simply operated as a discharge of this debt on terms more favorable to the company than cash payment. (*Nichols* v. *N. Y., L. E. & W. R. R. Co.*, 21 Blatchf. 177.) Whether these dividends constituted a debt or not, they were distinctly within the dividend powers of the directors, and not affected by the proviso that dividends should be non-cumulative. (*N. Y., L. E. & W. R. R. Co.* v. *Nichols*, 119 U. S. 306; *Boardman* v. *L. S. & M. S. R. R. Co.*, 84 N. Y. 174.) The courts will not interfere with the discretion of directors acting within the scope of their authority except to prevent manifest fraud or breach of trust. (*Clearwater* v. *Meredith*, 1 Wall. 25–40; *N. Y., L. E. & W. R. R. Co.* v. *Nichols*, 119 U. S. 304; *Beveridge* v. *N. Y. E. R. R. Co.*, 112 N. Y. 1.) The plaintiff must prove damage to warrant interference of a court of equity in the internal affairs of a corporation which lie peculiarly within the discretion of its directors. Not only is there no proof of damage in this case, but there is affirmative proof to the contrary. (*Brown* v. *M. R. Co.*, 13 Vav. 32.) The alleged wrongs of plaintiff are wrongs which the corporation should redress, and the plaintiff has no standing in court as an individual stockholder to redress these wrongs unless he has first requested the corporation to do so and they have failed to act. (*Hawes* v. *Oakland*, 104 U. S. 450; *Dimpfel* v. *O. & M. R. R. Co.*, 110 id. 209.)

*Marcus T. Hun* for respondents. Directors of a corporation are not personally responsible for acts within their dis-

cretion unless fraud be proved. In declaring the dividend in question the directors acted clearly within their discretion, and in accordance with the law as then established by decisions of the United States Circuit and the New York Supreme Courts. (*Hodges* v. *N. E. S. Co.*, 1 R. I. 312; *Sperry's Appeal*, 71 Penn. St. 24; *E. P. Co.* v. *Lacey*, 63 N. Y. 422; *Beveridge* v. *N. Y. E. R. R. Co.*, 112 id. 1.) The directors of a corporation have power to borrow money and mortgage the property of the corporation as security therefor, without the assent or approval of its stockholders unless prevented by statutory prohibition. This principle is well settled by practice and decision. (*Curtis* v. *Leavitt*, 15 N. Y. 9.) If net surplus earnings have been expended by the directors in betterments to the property, the directors are legally authorized to pay dividends in the shape of securities in lieu of cash to such stockholders as are entitled to the surplus earnings. (*Williams* v. *W. U. T. Co.*, 93 N. Y. 162.) Whether such a dividend should be declared or not rests in the discretion of the board of directors. (*N. Y., L. E. & W. R. R. Co.* v. *Nichols*, 119 U. S. 296.) The plaintiff has no standing to assert and prosecute the rights of the corporation. (*Barr* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 444; *Detroit* v. *Dean*, 106 U. S. 537; *Dimpfel* v. *O. & M. R. R. Co.*, 110 id. 209; *Dodge* v. *Wheeler*, 18 How. Pr. 331; *Beveridge* v. *N. Y. E. R. R. Co.*, 112 N. Y. 1; Morawetz on Corp. § 243.)

Parker, J. This was a suit in equity, and the relief demanded, among other things, was that a certain mortgage be declared to be void and of no effect; that it be delivered up to be canceled of record; and that the bonds sought to be secured thereby be likewise delivered up for cancellation. The answer admitted certain allegations of the complaint, specifically. Others, it admitted in a qualified manner, making, in connection therewith, other allegations of fact by way of explanation and justification, and denied others.

The cause coming on for trial before a court without a jury, the plaintiff presented such evidence as he deemed necessary

and rested.   Thereupon the defendant made a motion to dismiss the complaint.   Decision was reserved.   About two months later, the court granted the motion to dismiss and a judgment was subsequently entered dismissing the complaint upon the merits of the case.

The appeal to this court from the judgment of affirmance thereof must be dismissed, because the trial court failed to comply with the following provisions of section 1022 of the Code of Civil Procedure : " The decision of the court, or the report of the referee, upon the trial of the whole issue of fact, must state separately the facts found, and the conclusions of law."   When a complaint is dismissed before the introduction of testimony it is a determination that the complaint does not state facts sufficient to constitute a cause of action, and in such case a situation is presented which does not come within the purview of that section.   Neither does a case where judgment is rendered on the pleadings.   (*Eaton* v. *Wells*, 82 N. Y. 576.)   But in any and every case triable before a court without a jury or heard by a referee, if any evidence be presented, a decision stating separately the facts found and the conclusions of law based thereon must be made. If it be not done, the judgment cannot be reviewed.   (*Bridger* v. *Weeks*, 30 N. Y. 328.)

The Code afforded to the plaintiff ample opportunity for protection against the omission of the court.   (§ 1010.)   But he did not avail himself of it.   He did not even submit in writing a statement of facts which he deemed established and desired the court to find as provided by section 1023.

A difference of opinion has heretofore existed in several of the departments as to the conditions which bring a case within the command of section 1022.   (*People ex rel. Colton* v. *Ranson*, 2 N. Y. S. R. 78 ; *Benjamin* v. *Allen*, 7 Civil Pro. R. 202 ; *Rousseau* v. *Bleau*, 29 N. Y S. R. 334 ; *Grange* v. *Palmer*, 31 id. 612 ; *Bishop* v. *Empire Tran. Co.*, 5 J. & S. 12.)

An examination of the questions to which the counsel for the appellant called our attention on the argument led to the

conclusion that no error was comitted at General Term, but as we have concluded that the appeal ought to be dismissed, the occasion does not call for an expression of the reasons inducing such conclusion.

The appeal should be dismissed.

All concur, except Bradley, J., not voting.

Appeal dismissed.