CORNELIA GILMAN, Appellant, *v*. AUGUSTUS PRENTICE et al., Respondents.

Where, upon the trial of an action before a referee, motions by defendant for a dismissal of the complaint were made before the taking of any evidence and after plaintiff rested, which were not passed upon by the referee, he reserving his decision, and thereafter evidence was introduced by defendant, and the case submitted to the referee without a renewal of the motions or calling for a decision thereon, and subsequently the referee made his report, dismissing the complaint without any findings of fact, or requests to make any such findings, *held*, that the judgment was not reviewable here, because of the absence of findings required by the Code of Civil Procedure (§ 1022).

(Argued March 25, 1892; decided April 26, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 3, 1889, which affirmed a judgment in favor of defendants entered on the report of a referee.

This action was brought to set aside a judgment.

The facts, so far as material, are stated in the opinion.

*Charles E. Hughes* for appellant. The plaintiff is entitled to have the judgment entered against her upon an unauthorized appearance by an irresponsible attorney, together with all proceedings pursuant to said judgment, including the execution sale, the redemption and the sheriff's deed, absolutely set

aside. (*Ferguson* v. *Crawford*, 70 N. Y. 256; *Brown* v. *Nichols*, 42 id. 26; *Vilas* v. *P. & M. R. R. Co.*, 123 id. 455, 456; *Kerr* v. *Kerr*, 41 id. 278; *Harshey* v. *Blackmarr*, 20 Iowa, 161.) A judgment based solely upon the unauthorized appearance of an irresponsible attorney will be absolutely set aside, upon a direct application. (*Harshey* v. *Blackmarr*, 20 Iowa, 161; *Denton* v. *Noyes*, 6 Johns. 296; *Campbell* v. *Bristol*, 19 Wend. 101; *Adams* v. *Gilbert*, 9 id. 499; *Allen* v. *Stone*, 10 Barb. 547; *Williams* v. *Van Valkenburg*, 16 How. Pr. 147; *Meacham* v. *Dudley*, 6 Wend. 515; *People* v. *Mayor*, 11 Abb. Pr. 71, 72; *Acker* v. *Ledyard*, 8 N. Y. 65; *Bogardus* v. *Livingston*, 7 Abb. Pr. 429; *Vilas* v. *P. & M. R. R. Co.*, 123 N. Y. 453.) To obtain this relief it is not necessary for Mrs. Gilman to show that she had a defense on the merits to the action brought by Prentice. (*Vilas* v. *P. & M. R. R. Co.*, 123 N. Y. 454.) There is nothing in the situation of the defendants which requires a denial of this relief to the plaintiff. (Code Civ. Pro. §§ 1468, 1479; *Nordlinger* v. *De Mier*, 54 Hun, 276.) Under the special circumstances disclosed in the present case, the plaintiff is entitled to relief in equity. (*Ferguson* v. *Crawford*, 70 N. Y. 267; *Harshey* v. *Blackmarr*, 20 Iowa, 161; *Shelton* v. *Tiffin*, 6 How. [U. S.] 163; *Ridge* v. *Alter*, 14 La. Ann. 866; *Marvel* v. *Manourrier*, Id. 3; *Ormsley* v. *Jacques*, 12 Hun, 443; *Vilas* v. *P. & M. R. R. Co.*, 123 N. Y. 441; *Denton* v. *Noyes*, 6 Johns. 297; *Brown* v. *Betts*, 13 Wend. 29; Code Civ. Pro. § 1479.) The action was well brought in the Superior Court of the city of New York. (*Popfinger* v. *Yutts*, 102 N. Y. 38.) The complaint states facts sufficient to constitute a cause of action. (*Bishop* v. *E. T. Co.*, 5 J. & S. 12.) If there was a misjoinder of causes of action it appeared on the face of the complaint and as the point was not raised by demurrer, the objection was waived. (Code Civ. Pro. §§ 498, 499; *Blossom* v. *Barrett*, 37 N. Y. 436.)

*Charles J. Hardy* for respondents. The court has no jurisdiction to entertain the cause of action set forth in the com-

plaint. (*Smith* v. *Nelson*, 62 N. Y. 286.) Plaintiff's proper proceeding was by an application in the original action in the Supreme Court to have the judgment, recovered against her therein by Prentice, set aside for want of service of process upon her. (*Fullan* v. *Hooper*, 18 How. Pr. 75; *Dobson* v. *Pearce*, 12 N. Y. 156; *Grant* v. *Vandercook*, 57 Barb. 175; *Hunter* v. *Lester*, 18 How. Pr. 347; *Simonson* v. *Blake*, 12 Abb. Pr. 331; *Park* v. *Park*, 80 N. Y. 156; Code Civ. Pro. §§ 1479, 1932, 1937.) Plaintiff shows no cause of action. (*Denton* v. *Noyes*, 6 Johns. 296; *Vilas* v. *P. & M. R. R. Co.*, 123 N. Y. 440; *Taylor* v. *Trask*, 7 Cow. 249; *Blodget* v. *Conklin*, 7 How. Pr. 442; *Sterne* v. *Bentley*, 3 id. 331; *A. Ins. Co.* v. *Oakley*, 9 Paige, 496; *Brown* v. *Nichols*, 42 N. Y. 26; *Williams* v. *Van Valkenbury*, 16 How. Pr. 144; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Ellsworth* v. *Campbell*, 31 Barb. 134; *Hammond* v. *Harris*, 2 How. Pr. 113; *Hunter* v. *Lester*, 18 id. 347.)

Parker, J. Before any evidence was taken, the defendant Tucker moved to dismiss the complaint. The motion was not passed upon, the referee reserving his decision.

After the plaintiff rested, the defendant again made a motion to dismiss the complaint, but no ruling was made, the referee again reserving decision.

The defendants thereafter introduced evidence, both oral and documentary, in support of their position, and rested. The motion to dismiss the complaint was not then nor thereafter renewed.

The plaintiff called several witnesses in rebuttal, and was permitted to amend his complaint on terms, after which the testimony was closed, and the "case summed up and submitted" to the referee.

Subsequently the referee made a report dismissing the complaint, which report did not contain any findings of fact. Nor did he at any time make, nor was he requested to make, any such findings, the plaintiff contenting herself by filing exceptions to the report.

The question is, therefore, presented, whether the judgment can be reviewed, because of the failure of the referee to comply with section 1022 of the Code of Civil Procedure, which provides that "the decision of the court, or the report of the referee, upon the trial of the whole issue of fact, must state separately the facts found and the conclusions of law."

This neglect of the referee, if neglect it was, could have been remedied at the instance of the plaintiff in the manner provided by the Code, but no attempt was made in that direction. Indeed, the plaintiff did not even submit to the referee a written statement of the facts, which she deemed established by the testimony.

We held in *Wood* v. *Lary* (124 N. Y. 83) that in every case heard by a referee, if any evidence be presented, a decision stating separately the facts found and the conclusions of law based thereon must be made, otherwise the judgment will not be reviewed. *Place* v. *Hayward* (117 N. Y. 487) does not oppose, but supports such determination. In that case the defendant's counsel at the close of plaintiff's evidence, without announcing that he had rested his case, asked for and obtained a dismissal of the complaint. Afterwards the referee made his report containing findings of fact and of law. It was held that what the referee did was to nonsuit the plaintiffs, and, therefore, he should have made no findings of fact, except such as would justify a nonsuit.

· Judge EARL, speaking for the court, said : " Under the Code the referee was required to make findings of fact and of law after granting the nonsuit, but he had no right to make any findings of fact depending upon disputed or inconclusive evidence."

That it was the view of the court that in case of a nonsuit before a referee the facts found must be in accord with the testimony most strongly supporting the plaintiff's contention, is evidenced not only by the discussion of facts, with which the opinion abounds, but also by the sentence following the one last quoted, "therefore to maintain this judgment, the defendant is bound to show that there is no disputed question

of fact which, upon a jury trial, the court would have been required to submit to the jury, and that upon the undisputed evidence he was entitled to judgment." In *Forbes* v. *Chichester* (125 N. Y. 769), the referee made a report dismissing the complaint, to which the plaintiff's counsel excepted, and then Judge EARL remarks in his opinion, the referee "made formal findings of fact and law as he should have done, and proper exceptions were taken to them by plaintiff's counsel."

It seems to be settled, therefore, that findings of fact are necessary, even when the complaint is dismissed at such a stage of the hearing as to entitle it to be treated as a nonsuit.

It is certainly not the less important that the statutory requirement in such respect should be insisted upon when the testimony is all in, the arguments of counsel made, and time for deliberation by the court or referee taken.

In such a case this court held in *Bridger* v. *Weeks* (30 N. Y. 328) that the judgment would not be reviewed, and, so far as we have observed, the position then taken has been steadily maintained.

The appeal should be dismissed.

All concur, except LANDON, J., dissenting, and BRADLEY, J., not voting.

Appeal dismissed.