NUTTING v. ATWOOD.

(Superior Court of New York City, General Term. June 5, 1893.)

1. FORM OF ACTION—LEGAL OR EQUITABLE.
   A complaint alleged that, as part of the consideration of the sale of a business by plaintiff to defendant, it was agreed that defendant should pay plaintiff $5,500 when the profits of the business should increase $15,000; that the business had increased such amount, but that plaintiff did not know when the increase was reached, and had been unable to obtain from defendant an account of the same, and that the amount provided in the agreement had not been paid to plaintiff. *Held*, that the complaint stated only a cause of action for damages for breach of an express contract, and did not entitle plaintiff to equitable relief.

2. APPEAL—FROM JUDGMENT ON PLEADINGS.
   To entitle a party to a review by the general term of the superior court of New York of a judgment rendered on the pleadings, no exceptions, requests, or findings are necessary.

3. PLEADING—OBJECTIONS NOT RAISED BY ANSWER.
   Where a complaint demands an accounting without showing that plaintiff is entitled thereto, defendant, in order to raise the objection on the trial, is not required to deny in his answer the right to such accounting.

Appeal from equity term.

Action by Andrew J. Nutting against Frederick M. Atwood for an accounting. Judgment was rendered for plaintiff, and defendant appeals. Reversed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

Shipman, Larocque & Choate, (S. Hanford, of counsel,) for appellant.
H. M. Whitehead, for respondent.

GILDERSLEEVE, J. The material allegations of the complaint in this action are, in substance, that the plaintiff sold a business and stock of merchandise pertaining thereto to the defendant, and that a part of the consideration to be paid was de-

pendent on the profit of the business so sold, i. e. the net increase, amounting to $15,000; that when the increase should reach that sum, defendant was to pay plaintiff $5,500. This part of the contract was reduced to writing, and signed by the defendant. The complaint further alleges, in substance, that at the time the action was commenced, the net profit or increase had reached that sum, but defendant had refused to pay the $5,500 that he had agreed to pay. The allegations, we think, set forth a complete cause of action at law. The allegations in the complaint that plaintiff did not know just when the profit reached $15,000, and therefore just when the $5,500 became due, bore only upon the question of interest, and it was for the plaintiff to fix, by competent evidence, the date when that period was reached in the conduct of the business. It was just as if the defendant had promised, in writing, to pay the plaintiff a certain sum when the population of the city of Chicago reached 600,000 souls, and plaintiff, in an action, had set forth the agreement and alleged that prior to the commencement of the action the population of Chicago exceeded 600,000, but that plaintiff was unable to state just when the population had reached that figure. If it was necessary for the plaintiff to ascertain these facts from defendant, his books, or from hostile witnesses, in order to prepare for trial, the Code provides a way by examination before trial. The allegation in the complaint herein that the plaintiff had requested defendant to account, i. e. to give him the information as to when the profit reached $15,000, or that he desired to obtain an account in court, gave no color to the cause of action, and is entitled to no weight in determining its nature. It cannot be said that by reason of these allegations an equitable cause of action is set forth. Bradford, E. & C. R. Co. v. New York, L. E. & W. R. Co., 123 N. Y. 316, 25 N. E. Rep. 499. The action is to recover damages for the breach of an express contract. The facts set forth in the complaint give the plaintiff no claim to equitable relief. They show no trust relation of the parties, no account between them, no joint or partnership interests, and no need of a discovery, except such as the Code provides may be obtained by motion. Donovan v. Finn, 1 Hopk. Ch. 68. The proof necessary to establish the plaintiff's right to recover damages, if the facts were as alleged, was within the power of the plaintiff to secure. The defendant's testimony, and the testimony of those in his employment, could be taken by commission. He could be required to produce books and papers, and such facts as were necessary to show the breach of contract could be brought out as fully as upon an accounting in a court of equity. If this were not true, the powers of a court of equity could not be invoked to enable the plaintiff to get the proof necessary to establish his action at law. The amount of the plaintiff's recovery is not at all dependent on the result of an accounting. He is entitled to $5,500 or nothing. The only issues made by the pleadings are whether the profit has reached the sum of $15,000, and, if so, when, as bearing on the question of interest.

These are ordinary issues in simple actions for breach of contract, and are triable by jury.

. No exceptions, requests, or findings were necessary to enable defendant to appeal to the general term, and obtain a review of the judgment. There was no trial; no evidence was taken; the judgment was made upon the pleadings. In such cases no findings are necessary, and therefore no exceptions can be taken. There is nothing to except to. The defendant may appeal directly from the judgment. Wood v. Lary, 124 N. Y. 83, 26 N. E. Rep. 338; Eaton v. Wells, 82 N. Y. 576.

It was not necessary that the objections to the plaintiff's demand for an accounting should be taken by answer. If the complaint, on its face, had shown any facts on which a claim for equitable relief could be based, it would have been necessary for the defendant to have objected by answer that the plaintiff had an adequate remedy at law. In the case at bar, the complaint set forth a contract for the payment of a specific sum on the happening of a certain event, and alleged that that event had happened. It is of no significance that, by the terms of the contract, the $5,500 was to be paid in promissory notes. If there had been a breach by the defendant, the amount of the notes is the measure of damage. The only judgment that could be rendered in favor of the plaintiff on such a complaint was a money judgment for $5,500, with interest and costs. The case should have been stricken from the equity calendar. The judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.