GOOD TEMPLARS' LIFE ASS'N v. UNITED LIFE INS. ASS'N.

(Circuit Court, S. D. New York.  December 27, 1893.)

EQUITY JURISDICTION—REMEDY AT LAW.
    Where life insurance is transferred from one company to another by a contract which provides for the payment of a balance out of the income from the quarterly dues, this charges the payment upon such income, and the enforcement of the charge is a matter of equity jurisdiction.

In Equity.    Suit by the Good Templars' Life Association against the United Life Insurance Association to enforce payment of money. On demurrer to the bill.    Overruled.

J. K. Hayward, for plaintiff.
Wilber & Oldham, for defendant.

WHEELER, District Judge.    The contract upon which this bill is brought provides for the transfer of about $700,000 of actual insurance upon the lives of members from the orator to the defendant, for which the defendant was to pay, pro rata, $2,000 in six months, $1,000 in nine months, and the balance of $1,500, more or less, "from the income for dues received from said business quarteryearly thereafter as the same shall accrue, until fully paid, and proper settlement shall be rendered."    The bill is demurred to because the remedy is said to be at law.    If the amount to fall due was to be computed merely by comparing the actual amount of insurance with the basis of $700,000, and the time of falling due, merely, was to be fixed by the quarterly collections, the recovery could be only personal, for so much money due at those times, and the remedy would be at law.    It would be as complete and adequate there as it could be anywhere.    Nutting v. Atwood, (Super. N. Y.) 23 N. Y. Supp. 816.    But here the balance of $1,500, more or less, is by the terms of the contract to be paid from the income for dues, and this payment is thereby charged upon this income.    A court of equity can enforce this charge, while at law it cannot be made available.    The remedy at law is not, therefore, plain, adequate, and complete, as is required to oust jurisdiction in equity. Rev. St. U. S. § 723.

Demurrer overruled; the defendant to answer over by February rule day.