# DECISIONS IN CASES NOT REPORTED.

## FIFTH DEPARTMENT, JUNE TERM, 1894.

Annie M. Keating, Respondent, v. William B. Hayes, Appellant.— Order appealed from affirmed, with ten dollars costs and disbursements.

Jennie T. A. Wright, Appellant, v. Consolidated Savings and Loan Association, Respondent. — Judgment appealed from affirmed.

Charles S. Lamey. Respondent, v. Rochester Railway Company, Appellant.— Judgment appealed from affirmed, with costs, on the opinion of the referee.

John W. Leehan, an Infant, by Guardian, etc., Respondent, v. The Lake Shore and Michigan Southern Railroad Company, Appellant.— Judgment and order appealed from affirmed.

Henry H. Messersmith, Respondent, v. The Travelers' Insurance Company, of Hartford, Conn., Appellant.— Judgment appealed from affirmed.

Edith M. Cleghorn, Appellant, v. Jennie Cleghorn and Others, Respondents.— Interlocutory judgment and order appealed from affirmed, with costs, with leave to amend the complaint within twenty days on payment of the costs of the demurrer and of this appeal.— LEWIS. J.: The decision of the court sustaining the demurrers was handed to the clerk and filed by him during the sitting of the court. The plaintiff, laboring under the erroneous impression that the decision had not been made and filed within twenty days after the final adjournment of the court, made a motion for that reason for a new trial, under section 1010 of the Code of Civil Procedure. Another alleged error upon which the plaintiff relied was that the court's decision failed to state the grounds upon which the demurrers were sustained. It was, notwithstanding such omission, in proper form. (*Eaton* v. *Wells*, 82 N. Y. 576 ; *Wood* v. *Lary*, 124 id. 83.) The plaintiff's motions were properly denied. She also appeals from an interlocutory judgment which was entered upon the decision of the demurrers. The complaint is quite a remarkable one. It attempts to state a cause of action for partition as against some of the defendants; as to others it is an action in ejectment; as to others for an accounting as to the rents, issues and profits of real estate. It seeks to determine the rights in real estate, as between the plaintiff and some of the defendants, and again it seeks to remove alleged clouds upon the title to the land. It is quite clear that there is an improper joinder of causes of action   None of the defendants appear to be interested in all of the causes of action stated in the complaint. The demurring defendants are each severally interested in but one of the several causes of action. We are inclined to the opinion that the complaint fails to state a cause of action against any of the defendants. The judgment and order appealed from should be affirmed, with costs of the appeal, but with leave to the plaintiff to amend the complaint within twenty days upon payment of the costs of the demurrer and of this appeal. Dwight, P. J., Haight and Bradley, JJ., concurred.

Theodore Bacon and Others, Respondents, v. Belle N. Whitney and Others, Appellants.— Judgment appealed from affirmed, with costs, on the opinion of Bradley, J., at Special Term. Bradley, J., not sitting.

Sophia Quigley, Respondent, v. The City of Rochester, Appellant.— Order granting new trial appealed from affirmed, with costs of this appeal to the respondent to abide the event.

Edmund C. Whitney and August Beck, as Sheriff, etc., Appellants. v. Joseph Davis and Others, Respondents.— Judgment appealed from affirmed on the merits, with costs.

William M. Tisdal, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order appealed from affirmed.

Ann Amelia Sykes and Another, Executors, etc., of the Last Will and Testament of James Sykes, Deceased, Respondents, v. The Silver Lake Ice Company, Appellant.— Judgment and order appealed from affirmed. Bradley, J., not sitting.

Alice Harmon, by Guardian, etc., Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order appealed from reversed and new trial granted, costs to abide the event, unless within twenty days the respondent stipulates to reduce the recovery of damages to $4,000, in which case the judgment be so modified, and as modified affirmed, without costs of this appeal to either party.

The New York Central and Hudson River Railroad Company, Appellant, v. The Trustees of the Village of Canandaigua, Respondent.— Judgment appealed from affirmed, with costs.

The People of the State of New York, Respondent, v. Carl Oettinger, Appellant.— Judgment and conviction of the Court of Sessions of Monroe county appealed from reversed and new trial granted, and for that purpose the proceedings are remitted to that court.

Appeal from judgment of the Monroe Court of Sessions convicting the defendant of the crime of grand larceny. The indictment contained three counts, all of them charging the commission of the alleged offense on August 4, 1893. By the first it is charged that the defendant, acting in the capacity of agent, servant, bailee and bookkeeper of the Voght Manufacturing Company, having in his custody thirty dollars of the money of that company, feloniously embezzled and appropriated it to his own use. By the second the defendant is charged with feloniously secreting and appropriating to his own use a like sum of money of that company ; and by the third that he feloniously stole and carried away such sum of money of the company.— BRADLEY, J. : In the fall of 1891 the defendant went into the service of the Voght Manufacturing Company at the city of Rochester as clerk, and in July, 1893, he was promoted to the position of head bookkeeper, and accountant, which place he occupied until he was discharged in November, 1893. It was the custom of the company to pay the wages of its employees weekly. For the purpose of ascertaining the amount they respectively were entitled to receive, the foreman furnished to the defendant the time of their service, and he entered it in the time book kept for the purpose. Taking into account the money on hand, a slip containing statement of the amount requisite was taken to the treasurer, who would draw the check of

| 79   609
|151a 626