SUSAN BAKER, Appellant, *v.* WILLIAM MOORE, as Executor, etc., of ABEL SCRIPTURE, Deceased, Respondent.

*Reference of a disputed claim — a decision of the referee, not stating the grounds of the decision — a judgment entered thereon cannot be reviewed — power of the General Term on appeal to send back the case to the referee.*

Upon a reference of a disputed claim against an estate under the statute, at the close of the plaintiff's evidence a motion was made on behalf of the defendant to dismiss the claim and nonsuit the plaintiff on the merits on specific grounds. The motion was granted and the referee filed his decision, after the usual formal statements, in the following words: " I do order, decide and direct that the said motion be granted, and that the plaintiff's complaint or claim * * * be dismissed on the merits, and that the defendant have judgment dismissing the same, with costs, and I order accordingly." No other decision was rendered, and the above was confirmed at Special Term.

*Held,* that the decision was not a compliance with the provisions of section 1022 of the Code of Civil Procedure, in that it contained no statement of any findings of fact or conclusions of law, and that a judgment entered thereon could not be reviewed on appeal.

The General Term of the Supreme Court has the same power as the Special Term thereof to send a case back to a referee, to whom a disputed claim against an estate has been referred under the statute, to have him state the grounds of his decision as required by section 1022 of the Code of Civil Procedure.

APPEAL by the plaintiff, Susan Baker, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Warren on the 28th day of December, 1894, upon the report of a referee dismissing the plaintiff's complaint upon the merits.

*J. M. Whitman,* for the appellant.

*King & Ashley,* for the respondent.

FURSMAN, J. :

In June, 1890, a claim against the estate of Abel Scripture, deceased, was presented by the plaintiff to the executor of his last will and by him rejected. Thereafter in due course the matter was referred by the surrogate. The plaintiff presented her evidence in full before the referee, and at the close thereof a motion was made on behalf of the executor to "dismiss claim and nonsuit plaintiff on the merits" on five several grounds. Thereupon the referee granted the motion, and made and filed his decision as follows (after the usual formal statements) : "I do order, decide and direct that the said motion be granted, and that the plaintiff's complaint or claim * * * be dismissed on the merits, and that the defendant have judgment dismissing the same, with costs, and I order judgment accordingly." Afterwards, on motion, this decision was confirmed at Special Term. No other report or decision was made. This decision is not a compliance with section 1022 of the Code of Civil Procedure. There is no fact found, nor any conclusion of law stated, nor are any grounds of the decision set forth as required by this section.

A considerable amount of evidence was given which upon such a motion must be taken to be true. The referee gives no basis for his decision, and it is impossible to discover on which ground set forth in the motion the decision was made, or whether on all of them. It has been repeatedly held by the Court of Appeals that in such case the judgment cannot be reviewed. In *Wood* v. *Lary* (124 N. Y. 83) this was distinctly decided, and at page 87 the court says : "But *in any and every case* triable before a court without a jury or heard by a referee, *if any evidence be presented,* a decision stating separately the facts found and the conclusions of law based

thereon, must be made. If it be not done the judgment cannot be reviewed." It is true that this decision was prior to the amendment to section 1022 allowing a decision "stating concisely the grounds" upon which it is made to be substituted for separate findings of fact and conclusions of law, but it is clear that the same rule must apply in either case. The latter portion of the section is only made to apply to cases where there are no separate findings, and entirely omits any reference to decisions which do not state the grounds on which they are based. In this case there was an unmistakable *decision*, and no grounds thereof are stated. The case, therefore, falls within the rule above stated. (*MacNaughton* v. *Osgood*, 114 N. Y. 574; *Gilman* v. *Prentice*, 132 id. 488, see 491.) The same rule prevails in the Supreme Court. (*Nobis* v. *Pollock*, 53 Hun, 441; *People ex rel. Colton* v. *Ranson*, 2 N. Y. St. Repr. 78; *Drury* v. *Wigg*, 19 Wkly. Dig. 417.)

An examination of this case discloses some important questions, however, which we think ought to be reviewed. It is possible that to refuse such review for the reason above given might work an injustice to the plaintiff. A motion might have been made at Special Term to send the case back to the referee to have the grounds of his decision stated as required by section 1022, but this court undoubtedly has the same power and we think ought to exercise it in the present case.

This course was pursued in *Nobis* v. *Pollock*, above cited, and may properly be followed here. Without expressing any opinion upon the other questions raised on this appeal this case is, therefore, sent back to the referee to have his decision amended in accordance with this opinion.

PUTNAM and HERRICK, JJ., concurred.

Case remitted to referee to amend his decision in accordance with opinion.