and the remainder valid. In Poth v. Mayor, etc., 77 Hun, 225, 28 N. Y. Supp. 365, affirmed 151 N. Y. 16, 45 N. E. 372, it was held that, when an assessment sought to be enforced is made up of legal and illegal items blended in a single assessment, the persons against whom the tax was assessed might recover the whole sum involuntarily paid, in the absence of a statute modifying the general rule, and that his recovery was not limited to the portion of the tax which had been illegally assessed.

The judgment, in so far as it sets aside the sale and the certificates issued thereunder, is affirmed, and in so far as the judgment determines that any portion of the sum assessed for taxes was valid, it is reversed, with costs of this appeal in favor of the plaintiff and against the defendant. All concur.

---

(13 App. Div. 443.)

### M'MANUS v. PALMER et al

(Supreme Court, Appellate Division, Fourth Department. January 27, 1897.)

TRIAL BY COURT—FINDINGS—SUFFICIENCY.

An indorsement on the complaint, signed by the judge: "Complaint dismissed, with costs. Judgment may be entered accordingly,"—after a trial of issues of fact by the court, does not comply with Code Civ. Proc. § 1022, requiring a decision either to state separately the facts found and the conclusions of law or to state concisely the grounds on which the issues have been decided, and therefore an appeal from a judgment entered thereon presents no question for review.

Appeal from special term, Jefferson county.

Action by Alice M'Manus against William C. Palmer and others. From a judgment entered on an order dismissing the complaint, plaintiff appeals. Dismissed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John Lansing, for appellant.
John Conboy, for respondents.

PER CURIAM. The only decision in this case or authority for entering the judgment appealed from is the following indorsement on the complaint, signed by the justice who held the term: "Complaint dismissed, with costs to be taxed. Judgment may be entered accordingly." When it was made does not appear. There was a trial of issues of fact by the court, and its decision is not in compliance with section 1022, Code Civ. Proc., and no question is brought before this court for review by an appeal from the judgment entered on this decision. Wood v. Lary, 124 N. Y. 83, 26 N. E. 338; Benjamin v. Allen, 7 Civ. Proc. R. 202. This decision does not "state separately the facts found and the conclusions of law," nor does it state "concisely the grounds upon which the issues have been decided." The motion should be dismissed, but, as no motion has been made for that relief, without costs to either party. Either party has leave to apply at special term for such relief as will enable a proper decision to be filed and judgment entered.