In the Matter of the Application of THE HEALTH DEPARTMENT OF THE CITY OF NEW YORK, Respondent, *v.* HENRY DE FOREST WEEKES, Appellant, Impleaded with Others.

*Appeal — review by the Appellate Division of a decision " stating concisely the grounds upon which the issues have been decided."*

A judgment entered upon a decision filed pursuant to section 1022 of the Code of Civil Procedure, as amended by chapter 688 of the Laws of 1894, and by chapter 946 of the Laws of 1895, " stating concisely the grounds upon which the issues have been decided," may be upheld notwithstanding the fact that the grounds specified in the decision are insufficient to warrant it, since the grounds of decision are not tantamount to findings of fact under the former practice; consequently, that the decision rendered is not justified by the grounds specified is not a sufficient reason for the reversal of the judgment.

The brief decision is equivalent to the general verdict of a jury, and entitled to the same presumptions in its support; and, where the papers on appeal do not contain the evidence, the Appellate Division will assume that the decision was rendered upon adequate proof of every essential fact alleged in the complaint or petition.

APPEAL by Henry de Forest Weekes from a judgment of the Supreme Court in favor of the petitioner, entered in the office of the clerk of the county of New York on the 8th day of October, 1897, upon the decision of the court rendered after a trial at the New York Special Term, condemning certain real property and appointing commissioners of appraisal.

*Henry A. Forster*, for the appellant.

*Roger Foster*, for the respondent.

BARRETT, J.:

This proceeding is an application by the health board of the city of New York for the condemnation of real property under the authority of section 659 of the Consolidation Act (Chap. 410 of the Laws of 1882), as amended by chapter 567 of the Laws of 1895, and also by chapter 57 of the Laws of 1897. These statutes authorize the destruction of buildings which are not fit for human habitation, and are incapable of being rendered so. The issue here upon that head seems to have been fully tried in the court below, and decided in the respondent's favor in a decision not containing separate findings of fact and conclusions of law, but stating concisely the grounds of decision as permitted by section 1022 of the Code of Civil Procedure. The evidence taken is not before us, the case containing merely the pleadings, decision, exceptions thereto and judgment. We have, therefore, no basis upon this record for the consideration of the important questions so fully presented by the learned counsel in their briefs and arguments.

The contention of the learned counsel for the appellant seems to be that the grounds specified in the decision are insufficient to warrant it, and that consequently no consideration of the facts is necessary. We think that he has quite mistaken the scope and effect of the amendments to section 1022 of the Code made in 1894 and 1895. (Chap. 688, Laws of 1894; chap. 946, Laws of 1895.) Prior to these amendments, findings of fact and conclusions of law were

necessary in every case tried by the court or a referee.  Now it is sufficient for the court to " file a decision stating concisely the grounds upon which the issues have been decided." Findings of fact and conclusions of law may still be made.  Where they are so made, an appellant may, by excepting to the conclusions of law, raise the question whether such conclusions are justified by the findings of fact.  But this cannot be done where there are no distinct findings of fact.  The concise statement of the grounds of a decision, authorized by the amendment, is by no means the equivalent of findings of fact.  This is made clear by the latter part of the section, which reads : " Whenever judgment is entered on a decision which does not state separately the facts found, the defeated party may file an exception to such decision, in which case, on an appeal from the judgment entered thereon, *upon a case containing exceptions,* the Appellate Division of the Supreme Court shall review all questions of fact and of law, and may either modify or affirm the judgment or order appealed from, award a new trial *or grant to either party the judgment which the facts warrant.*"  A single exception to the decision is sufficient, and hence the thirteen specific exceptions here taken by the appellant to different portions of the decision were quite unnecessary and useless.  Upon the single, general exception the Appellate Division is required to review " all questions of fact and of law."  How can it review the questions of fact without having the evidence before it ?  Or how, without the evidence, can it exercise its prerogative of rendering such judgment as the facts warrant ?

We think that the amendment in question leaves the whole case open for direct consideration by the Appellate Division, both on the law and the facts.  The grounds of decision are but the *reasons* which actuated the lower court in deciding as it did, and they are inserted for the assistance of the appellate court — not to control its action.  These reasons may be statements of facts, general or partial ; or they may be argumentative suggestions, or mere statements of the trial judge's view of the law.  But if these grounds or reasons be insufficient, there may still be ample grounds or reasons justifying the decision.  The decision stating concisely the grounds, without findings, is tantamount, in fact, to the general verdict of a jury.  (*Amherst College* v. *Ritch,* 151 N. Y. 282, 320.)

Undoubtedly we might review such a judgment as the present in the manner now attempted if, upon the record, it could not be supported by adequate proof of all the facts stated in the petition. In other words, if it appeared that the court had no jurisdiction, or that the petition failed to state facts sufficient to constitute a cause of action. Under such circumstances no findings of fact would have been necessary, even under the old practice. (*Eaton* v. *Wells*, 82 N. Y. 576; *Wood* v. *Lary*, 124 id. 83, 87.) But such is not the present case. Averments are distinctly made in the petition which, if proved in their entirety, would establish the fact that the condemned building is a public nuisance, and that it should be abated. We must assume upon the record that the judgment in question was rendered upon adequate proof of every fact so averred in the petition.

The judgment should, therefore, be affirmed, with costs.

Van Brunt, P. J., Rumsey, Williams and Patterson, JJ., concurred.

Judgment affirmed, with costs.