have against the decedent if his letters have been revoked." The decree expressly directing the payment of the money to the general guardian was made on an accounting had under this section. In making the decree the court followed the practice prescribed in section 2608, which it has been determined is proper under section 2607 (Prentiss v. Weatherby, 68 Hun, 114, 22 N. Y. Supp. 680; Id., 144 N. Y. 707, 39 N. E. 858); and, although these sections may not be strictly applicable, we think the decree in that regard is valid. The plaintiff, in her representative capacity, is therefore clearly the real party in interest. We think the action may be maintained in the form in which it is brought, and it is unnecessary to decide whether an action could have been maintained by a guardian ad litem, or whether that would have been the better practice,—as to which question the authorities are not altogether harmonious. Prentiss v. Weatherby, 68 Hun, 114, 22 N. Y. Supp. 680; Id., 144 N. Y. 707, 39 N. E. 858; Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659; Segelken v. Meyer, 94 N. Y. 473.

It is not shown what property came into the hands of the plaintiff as such general guardian, but it appears that the penalty of the bond given by the plaintiff as general guardian is only $2,000, and the amount of the recovery is largely in excess of that sum. That is a question which does not concern the defendants, as payment by them to the plaintiff will discharge their liability. The surrogate, however, should have required a new or additional bond as a condition of authorizing the general guardian to receive the funds; but this court may correct that omission.

The judgment should be modified by providing that before receiving the money or collecting the judgment the general guardian shall file with the surrogate, in lieu of her existing bond, either a new bond, as prescribed in said section, in a penalty which the surrogate shall determine, to be at least twice the amount of any property now in her hands as such general guardian and the amount of the judgment herein as well, or an additional bond, which, together with the original bond, shall be security therefor; and, as so modified, affirmed, with costs. All concur.

---

(67 App. Div. 141.)

GARDNER v. NEW YORK MUT. SAVINGS & LOAN ASS'N.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

APPEAL—RECORD—SHORT FORM DECISION—EXCEPTION—QUESTIONS PRESENTED.
Where the record on appeal does not contain the evidence, an exception to the short form of decision, permitted by Code Civ. Proc. § 1022, in trials to the court, presents no question reviewable on appeal, though the grounds specified in such decision will not warrant the judgment, such a decision being equivalent to a general verdict of a jury.

Appeal from special term, Orange county.

Action by Rufus C. Gardner against the New York Mutual Savings & Loan Association. From a judgment in favor of defendant (71 N. Y. Supp. 240), plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas Abbott McKennell, for appellant.

John E. Ruston (Wm. Hepburn Russell and Wm. Beverly Winslow, on the brief), for respondent.

WILLARD BARTLETT, J.   This is an appeal from a judgment in an action at law, tried before the court without a jury.   The decision is in the short form prescribed by section 1022 of the Code of Civil Procedure, and concludes with a direction for judgment dismissing the complaint upon the merits, with costs.   The appeal is based solely upon the judgment roll, the appeal book containing no portion of the evidence taken upon the trial.   The idea of the appellant seems to be that, by reason of his exception to the short decision, the case is in the same condition as it would be if exceptions had been taken to a decision in which the findings of fact and conclusion of law were stated separately; in which event, if the findings of fact did not suffice to sustain the conclusion of law, a reversal could be obtained.   This view seems to be erroneous.   In Health Department v. Weeks, 22 App. Div. 110, 47 N. Y. Supp. 913, the appellate division in the First department unanimously held that, in the absence of the evidence taken upon the trial, a judgment based upon the short decision permitted by section 1022 of the Code should be upheld, notwithstanding the fact that the grounds specified in such decision are insufficient to warrant the judgment.   Such a decision, without findings, was declared to be tantamount in fact to the general verdict of a jury.   "Findings of fact and conclusions of law may still be made," said Mr. Justice Barrett.   "Where they are so made an appellant may, by excepting to the conclusions of law, raise the question whether such conclusions are justified by the findings of fact.   But this cannot be done where there are no distinct findings of fact."

In view of the condition of the record, I recommend an affirmance of the judgment upon the authority of the case cited.

Judgment affirmed, with costs.   All concur.